This is a petition for a writ of mandamus to direct Judge Billy C. Burney of the Lawrence County Circuit Court to transfer an action from Lawrence County to Morgan County. The writ is denied. *Page 462 
Randell and Joyce Forrester, residents of Lawrence County, instituted this action in Lawrence County Circuit Court against Real Estate Financing, Inc. (REF), a domestic corporation with its principal office in Montgomery. The Forresters alleged breach of contract, misrepresentation, negligence, and wantonness with regard to the handling of their loan application made by and through REF. REF moved for dismissal for improper venue, or, in the alternative, for transfer of the action to Morgan County Circuit Court. Following the denial of this motion, REF filed this petition for writ of mandamus.
The only question presented is the propriety of the trial court's denial of REF's motion to transfer the case from Lawrence to Morgan County. REF, in support of its petition, summarizes the facts thusly:
 "At the time the purported cause of action arose, at the time of the filing of suit, and at all intervening times, REF had no office in Lawrence County, and was not represented by agent there. REF did not go to Lawrence County to take loan applications, and all loans secured by Lawrence County realty resulted from work done with applicants and builders through the Decatur, Morgan County office of REF. Loans secured by Lawrence County property constituted a small percentage of the total business handled by the Decatur office, and an infinitesimal part of the total REF loan business. Applications for loans made on Lawrence County property during the time in question were made at REF's branch office in Decatur, Morgan County, Alabama, and all processing and work-up of the said loan applications was done in Morgan County. All papers essential to the processing and handling of such loans are handled by REF in Montgomery and where appropriate, [are sent] to HUD [United States Department of Housing and Urban Development] in Birmingham, Alabama or to individually assigned appraisers by HUD."
Respondents emphasize that once a loan contract is approved a closing takes place, with execution of the appropriate documents, receipt of closing costs, and the recording of the mortgage, all of which are performed in Lawrence County by lawyers employed by REF for that purpose. Central to the Respondents' position is the fact that their property, the subject matter of their HUD "235" loan application, lies in Lawrence County. Respondents further emphasize that, as an incident to each such loan closing, REF necessarily either satisfies the mortgage upon payment thereof, or effects a mortgage foreclosure for failure of payment, both of which, they say, are corporate acts performed by REF in Lawrence County.
In its reply brief, REF stresses the nominal degree of its activities with respect of Lawrence County residents:
 "The affidavits of [REF employees] indicate that all of the activities of REF in connection with the Forresters occurred through the Decatur office in Morgan County where REF does business by agent, and this characterizes REF's dealings with other loan applicants from Lawrence County. Over a fifteen year period only 53 loans were closed on Lawrence County property, constituting less than 1/10 of 1% of the total loans made by REF state-wide, with Lawrence County loans constituting not more than 4% of the business done by REF through its Decatur office in 1983, the year in which suit was filed."
The applicable venue statute is Code 1975, § 6-3-7:
 "A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence." *Page 463 
In order to decide the question of proper venue, we must first determine whether the lower court had sufficient facts before it to ascertain that REF was doing business in the county. See Ex parte Harrington Manufacturing, Inc.,414 So.2d 74 (Ala. 1982); Ex parte Wilson, 408 So.2d 94 (Ala. 1981). The Forresters contend that, because REF employs lawyers to close loans in Lawrence County, suit is properly brought there, pointing out that lawyers who close REF loans in Lawrence County are undoubtedly employed by REF for that purpose.
REF, on the other hand, takes the position that the employment of lawyers to close loans from time to time is insufficient to constitute "doing business by agent" in Lawrence County as required by the statute. REF reminds us that the authority of the forum to entertain an action under § 6-3-7
is founded upon the fact of agency — the express authority granted by the corporation to one to act for it in the doing of its business, Assured Growth Corp. v. Tomberlin, 334 So.2d 918
(Ala.Civ.App. 1976); and that an agent employed for a specific purpose is a special agent and the fiduciary relationship of principal and agent, in a special agency context, applies only to the acts within their agreement. City Stores Company v.Williams, 287 Ala. 385, 252 So.2d 45 (1971).
In the abstract, we agree that a domestic corporation's employment of a lawyer in private practice (as distinguished from corporate house counsel) on a case by case basis, involving the giving of legal advice and the rendering of legal services generally, does not constitute "doing business by agent" as contemplated by § 6-3-7. For a good statement of this rule, see 3 Am.Jur.2d Agency § 3 (1962). But the facts of this case, considered in the context of REF's corporate purpose, remove REF from the confines of this abstract proposition.
While in one sense it may be said that REF has two corporate purposes — 1) the obtaining and processing of loan applications; and 2) the closing of approved loans — in a more realistic sense, the former is only an administrative adjunct to the latter. In other words, the making of HUD-approved "235" loans is the very essence of REF's corporate function.
It is not the rendering of strictly legal services by REF's closing attorneys that tips the scales in favor of the trial court's denial of Petitioner's motion to transfer; rather, it is the accumulation of REF's multiple corporate activities that ultimately consummate REF's single corporate purpose: the lending of money in Lawrence County, to Lawrence County residents, secured by mortgages on the borrowers' Lawrence County property; and attended by the receipt of closing costs in Lawrence County, the recordation of the mortgages in Lawrence County, and the satisfaction of the mortgages of record in the event of payment or foreclosure in the event of nonpayment.
Furthermore, although the record is silent on this point, the trial court judicially knew, because of the nature and kind of the transaction, that REF necessarily performed additional corporate activities in connection with the inspection and approval of Respondents' proposed building site, as well as inspections and supervision during, and upon completion of, construction, again, all in Lawrence County. To be sure, a contrary holding, under the circumstances of this case, would be the virtual equivalent of a judicial denial of REF's corporate existence. See J.R. Watkins Co. v. Goggans, 242 Ala. 222, 5 So.2d 472 (1941).
Finding no error, we deny the writ.
WRIT DENIED.
TORBERT, C.J., and MADDOX, FAULKNER, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur. *Page 464