This is a petition of Southtrust Bank of Tuskegee for writ of mandamus to direct Judge Jack W. Wallace, presiding Judge of the Bullock County Circuit Court, to grant a motion to transfer the cause to the Circuit Court of Macon County. The writ is denied.
Alberta K. Anderson, as guardian, and Barbara Ann Anderson, residents of Bullock County, brought this action in Bullock County against Citibanc of Alabama/Tuskegee, presently known as Southtrust Bank of Tuskegee (Southtrust), a domestic corporation with its principal place of business in Tuskegee, Alabama. The plaintiffs' complaint alleged fraud and misrepresentation arising from the renewal of a certificate of deposit, and conversion for failure to pay *Page 104 
the proceeds from said certificate of deposit.
Southtrust filed a motion for change of venue on the grounds that it was a domestic corporation whose only place of business was in Macon County, and that it did not conduct any business by agent in Bullock County. Following the denial of the motion, Southtrust filed this petition for writ of mandamus.
The sole issue presented is whether the trial court improperly denied Southtrust's motion for change of venue from Bullock to Macon County.
The applicable Alabama venue statute, Alabama Code 1975, §6-3-7, states:
 "A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of plaintiff's residence."
Our recent case of Ex parte Real Estate Financing, Inc.,450 So.2d 461 (Ala. 1984), is dispositive on the issue of whether a domestic corporation is "doing business by agent" for venue purposes. That case involved a suit alleging breach of contract, misrepresentation, negligence, and wantonness with regard to the handling of a loan by and through Real Estate Financing, Inc. (REF), a domestic corporation. The action was brought in Lawrence County. The defendant had no offices in Lawrence County, no loan applications were taken in the forum county, no full time agent was employed in the county, and only a minimal percentage (less than 1/10th of 1%) of the total loans made by REF were made on Lawrence County property.
In rejecting REF's argument that venue was improper in Lawrence County, this Court stated:
 "It is the accumulation of REF's multiple corporate
activities that ultimately consummate REF's single corporate purpose: the lending of money in Lawrence County, to Lawrence County residents, secured by mortgages on the borrowers' Lawrence County property; and attended by the receipt of closing costs in Lawrence County, the recordation of the mortgages in Lawrence County, and the satisfaction of mortgages of record in the event of payment or foreclosure in the event of nonpayment."
Ex parte Real Estate Financing, Inc., supra, at 463.
Applying these principles to the instant facts, we find an analogous fact situation. In this case, Southtrust, like REF, is a domestic corporation with no offices, or full time general employees, in the forum county. Likewise, the percentage of business conducted in the county is minimal in comparison to the overall business conducted by the corporation; Southtrust conducts almost all of its business in Macon County; and the only connection with Bullock County is that Southtrust has taken a small number of mortgages on Bullock County property, which in several instances have been closed in Bullock County for the convenience of the borrower and the attorney. Additionally, Southtrust has previously made loans to Bullock County debtors, secured by Bullock County property. Although executed in Macon County, the financing statements were all filed in Bullock County. In addition, the stipulation of facts in this case indicates that on occasion a Southtrust agent would travel to Bullock County to attempt to collect on a loan which had become delinquent.
Southtrust argues that the collection of debts upon default, and the taking of a small number of mortgages in Bullock County is a tenuous connection to that forum, and that the instances of doing business in Bullock County are too remote for venue to be proper in Bullock County. While we note that in some instances the mere collection of a debt or the taking of a mortgage might not constitute "doing business" *Page 105 
for venue purposes, in this case the aggregate of all of Southtrust's corporate activities in Bullock County ultimately achieves Southtrust's primary corporate purpose — making loans.
Southtrust also argues that Ex parte Real Estate Financing,Inc., supra, is distinguishable because in the instant case the acts alleged in the complaint occurred, if at all, in Macon County and not in Bullock County. While the fact that the claim arose in the forum county may be a factor in determining the ultimate issue, the converse is not necessarily true. The fact that the acts complained of, did not occur in the forum county, is not dispositive of the venue issue. The ultimate question is not whether the claim itself arose in the forum county, but whether the corporation was doing business in that county. As such, the trial court did not abuse its discretion by finding that Southtrust was doing business in Bullock County. The trial court committed no error in denying the motion for change of venue.
Finding no error, we deny the writ.
WRIT DENIED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.