SHORES, Justice.
Petition for a writ of mandamus directed to the Honorable Samuel Adams, Judge of the Circuit Court of Coffee County. The writ is granted.
On January 2, 1985, plaintiffs James F. Wilson and Martha W. Howell filed suit in the Circuit Court of Coffee County, Elba Division, against the defendant, Enterprise Banking Company, seeking damages for the alleged conversion of 400 shares of stock. The defendant, which is a domestic corporation having its principal place of business in the Enterprise Division of Coffee County,[1] filed a motion for transfer of venue to the Enterprise Division on the grounds that it does not conduct any business by agent in the Elba Division.
The trial court granted the motion, and the plaintiffs filed this petition for writ of mandamus.
The only question presented by the petition is the propriety of the trial court’s order transferring venue from the Elba to the Enterprise Division. It reads as follows:
“ORDER
“A ‘MOTION TO TRANSFER FOR IMPROPER VENUE’ having been filed in the above styled case with the same being set for hearing and on hearing the legal and competent evidence revealed:
“1. That the Defendant, ENTERPRISE BANKING COMPANY, has customers who live in the Elba Division of Coffee County.
“2. That these customers receive bank statements, and literature incident thereto, through the mail.
“3. That loans have been made in Enterprise by Defendant for property located in the Elba Division. These mortgages were mailed to and filed by the Judge of Probate for the Elba Division of Coffee County.
“4. That no employees of the Defendant reside or work in the Elba Division.
“5. That the Defendant maintains no branch banking facilities in the Elba Division.
“6. That the Defendant has advertised in a newspaper of local circulation, THE ELBA CLIPPER, a total of two (2) *564 times in the last seventy-five (75) years, the last advertisement occurring in 1981.
“7. That the alleged cause of action did not occur in the Elba Division.
“Based upon evidence adduced at hearing and upon the written briefs of the parties submitted to the Court for ruling;
“IT IS ORDERED, ADJUDGED AND DECREED by the Court that the ‘MOTION TO TRANSFER’ filed by the Defendant is hereby GRANTED. See Ex Parte Humana, Inc., et al., [462 So.2d 922 (Ala.1985)].
“DONE and ORDERED this the 27th day of March, 1985.
“Is/ Samuel Adams “CIRCUIT JUDGE”
The applicable venue statute is § 6-3-7, Ala.Code 1975:
“A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff’s residence.”
For purposes of determining the proper venue under the statute, a corporate defendant may be sued in either the Elba or the Enterprise Division if it is doing business by agent in the division. Ex parte Humana, Inc., supra. In Ex parte Southtrust Bank of Tuskegee, 469 So.2d 103, 104 (Ala.1985), the Court stated:
“Our recent ease of Ex parte Real Estate Financing, Inc., 450 So.2d 461 (Ala.1984), is dispositive on the issue of whether a domestic corporation is ‘doing business by agent’ for venue purposes. That case involved a suit alleging breach of contract, misrepresentation, negligence, and wantonness with regard to the handling of a loan by and through Real Estate Financing, Inc. (REF), a domestic corporation. The action was brought in Lawrence County. The defendant had no offices in Lawrence County, no loan applications were taken in the forum county, no full time agent was employed in the county, and only a minimal percentage (less than Vioa of 1%) of the total loans made by REF were made on Lawrence County property.
“In rejecting REF’s argument that venue was improper in Lawrence County, this Court stated:
“ ‘It is the accumulation of REF’s multiple corporate activities that ultimately consummate REF’s single corporate purpose: the lending of money in Lawrence County, to Lawrence County residents, secured by mortgages on the borrowers’ Lawrence County property; and attended by the receipt of closing costs in Lawrence County, the recordation of the mortgages in Lawrence County, and the satisfaction of mortgages of record in the event of payment or foreclosure in the event of nonpayment.’
“Ex parte Real Estate Financing, Inc., supra, at 463.”
In the present case, the defendant, a domestic corporation with its principal place of business in the Enterprise Division of Coffee County, has no offices or employees in the Elba Division. However, it does have customers who reside there and who receive bank statements and other literature through the mail. It makes loans secured by mortgages which are taken on property located in the Elba Division and which are filed for record in the probate court for that division. Also, satisfaction of these mortgages, in the event of payment, or foreclosure, in the event of default, would necessarily take place in the Elba Division. Under the reasoning of Ex parte Real Estate Financing, Inc., supra, the defendant is doing business in the Elba Division, because the aggregate of its corporate activities there ultimately achieves its primary corporate purpose — making loans. Ex parte Humana, supra, relied upon by the defendant, is distinguishable. In that case, the issue was whether the *565 individual defendants resided in, or the corporate defendants did business in, the Elba Division. The Court held that all of the individual defendants resided in and all business was, in fact, conducted by the corporate defendants in the Enterprise Division, thus making venue proper only in that division. That is not the case under the instant facts.
Therefore, venue in the present case being proper in the Elba Division, the cause should not have been transferred.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.

. The Circuit Court of Coffee County consists of two divisions, the Elba Division and the Enterprise Division. Acts of Alabama 1903, No. 360, pp. 285-289. Section 1 of Act 360 provides for the jurisdiction of the two divisions. In Ex parte Humana, Inc., 462 So.2d 922, we wrote the following, this excerpt beginning with a quote from § 1 of Act 360:
"‘Provided, that the Enterprise Division of said court [including circuit, chancery and county courts] shall have all the powers and jurisdiction belonging to said court, and shall be governed and regulated by the same rules of procedure as obtain and govern in said court when held at Elba....’
This section continues with the establishment of a territorial dividing line, ‘which said line shall be known as the dividing line between the Elba and Enterprise jurisdictions of said courts,’ and further [the Act provides], under Section 3:
" ‘[T]he Circuit Court of Coffee County held in and for the Enterprise Division shall have exclusive jurisdiction of all civil causes of which the Circuit Court of Coffee County has jurisdiction wherein the defendants reside in the district or territory East of said dividing line or where the cause of action arose east of said dividing line....' ”
462 So.2d at 923.