507 So.2d 458 (1987)
Ex parte FINANCE AMERICA CORPORATION and Henrietta Bell.
(Re Charlsey HOPKINS v. FINANCE AMERICA CORPORATION, et al.).
86-32.
Supreme Court of Alabama.
March 20, 1987.
As Corrected on Denial of Rehearing May 8, 1987.
*459 Jack E. Held and Daniel J. Burnick of Sirote, Permutt, McDermott, Slepian, Friend, Friedman, Held & Apolinsky, Birmingham, for petitioners.
Bill Thomason, Bessemer, and Calvin D. Biggers and Edwin L. Davis, Tuskegee, for respondent.
HOUSTON, Justice.
This is a petition for a writ of mandamus to direct Judge Dale Segrest of the Macon County Circuit Court to transfer an action from Macon County to Jefferson County. The writ is denied.
The plaintiff, Charlsey Hopkins, a resident of Jefferson County, filed this action in Macon County Circuit Court against the defendants, Finance America Corporation ("FAC") and Henrietta Bell. The plaintiff alleged fraud, breach of contract, and outrageous conduct with regard to the handling of a loan application which she and her deceased husband had made through FAC's office in Jefferson County. Henrietta Bell, an employee of FAC, was involved in processing the Hopkinses' loan application. The defendants filed a motion pursuant to Rule 82(d), Ala.R.Civ.P., for change of venue to the Jefferson County Circuit Court on the grounds that FAC does not conduct any business by agent in Macon County. The trial judge denied the motion, and the defendants filed this petition for a writ of mandamus.
The only question presented by the petition is whether the trial judge erred to reversal by denying the defendants' motion to transfer the case from Macon County to Jefferson County.
The applicable venue statute is § 6-3-7, Code 1975:
"A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence." (Emphasis added.)
The record is not clear as to whether FAC is a foreign or a domestic corporation. However, for purposes of our review, such a determination is unnecessary, because both a foreign corporation and a domestic corporation may be sued in any county in which either does business by agent.
The parties in this case are at issue over whether FAC does business in Macon County. At the time the trial judge ruled on the defendants' motion, the following materials were on file with the court: the affidavits and depositions of Bobby J. Horne and Henrietta Bell (employees of FAC), the plaintiff's second set of interrogatories to FAC and FAC's answers thereto, and a document purporting to be the affidavit of the Honorable Preston Hornsby (Probate Judge of Macon County). Bobby J. Horne is the manager of FAC's office in Jefferson County. Henrietta Bell is a "financial service representative" in that office. *460 In their affidavits, Horne and Bell stated, in substance, that FAC has never engaged in any business in Macon County. In his deposition, however, Horne conceded that his personal knowledge of FAC's activities in Macon County was limited and that he could not state whether FAC does business in Macon County through one of its other offices. In the plaintiff's second set of interrogatories to FAC, the following information was requested:
"2. List every loan that has been made by you, during period January 1, 1980 to present, to a resident of Macon County."
In response FAC stated:
"2. This Defendant objects to Interrogatory No. 2 except as it applies to the present question of venue. This interrogatory is answered only as to the issue of venue and this Defendant maintains its objection to this material as to the case in chief and does not waive any rights by the response that is made herein. To the best of information, knowledge and belief, no direct loans have been made by the Bessemer branch to a resident of Macon County, Alabama. There had been occasions when this office purchased financing documents relating to home improvements from an independent home improvement company which related to residents in Macon County, Alabama. The transactions about which this Defendant is aware are as follows:
"Credit sale agreements between Allstate Storm Windows and Murray Baker, Sr., dated December 20, 1984; Annie L. Baker, dated December 20, 1984; Arthur Boyd, dated April 26, 1985; Leonard Promisee, dated August 27, 1985; James Harris, dated August 18, 1985; Aaron Grimmett, dated November 15, 1985; Annie L. Lee, dated November 15, 1985; Mac Graves, dated November 19, 1985; and Ida Whitlow, dated February 12, 1986."
Finally, the document purporting to be the affidavit of Judge Hornsby, in pertinent part appears as follows:
"AFFIDAVIT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
"Comes now, Preston Hornsby, Judge of Probate of Macon County, Alabama, who being duly sworn, deposes and states:
"1. He is the lawful custodian of records touching upon the title to real property in Macon County, Alabama.
"2. That Finance America Corporation has been given mortgages on real property, located in Macon County, Alabama, recorded per the attached copies.
"DATED: 10-2-86
 s/ Preston Hornsby
 PRESTON HORNSBY
"STATE OF ALABAMA)
"COUNTY OF MACON)
"Sworn to and subscribed before me
this the 2nd day of October, 1986.
 "___________________
 NOTARY PUBLIC
"MY COMMISSION EXPIRES:______"
Attached to this document were copies of several mortgages on real property located in Macon County showing FAC as the mortgagee in each.
The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge. Ex parte Harrington Mfg. Co., 414 So.2d 74 (Ala.1982).
In the present case, the document apparently signed by Judge Hornsby is not sufficient as an affidavit because the signature of the affiant was not acknowledged by a notary public. Sellers v. State, 162 Ala. 35, 50 So. 340 (1909). Therefore, because the trial judge should not have considered it (or the attachments to it), we will not consider it.
The affidavits of Horne and Bell support the defendants' position that FAC has never done business in Macon County. However, in its answers to the plaintiff's second set of interrogatories, FAC denied that it had ever made any direct loans through its Jefferson County office to residents of Macon County, but then stated *461 that it had purchased credit sale contracts from a home improvement company, Allstate Storm Windows, which secured those contracts from residents of Macon County. Although FAC may have made no direct loans to residents of Macon County, by purchasing the credit sale contracts FAC became a creditor with respect to certain residents of that county. Presumably, FAC accepted assignments of these contracts and, as a result, those residents concerned were then required to make their payments directly to FAC.
In Ex parte Real Estate Financing, Inc., 450 So.2d 461 (Ala.1984), we held that a corporation is doing business in a particular county for venue purposes when the aggregate of its corporate activities there ultimately achieves its primary corporate purpose. See also Ex parte Wilson, 475 So.2d 562 (Ala.1985). A corporation "does business" in a county if it performs there, with some degree of regularity, some of the business functions for which it was created. It is not necessary, however, for a corporation to have an agent physically present and conducting business in a county for venue to be proper there. Furthermore, there is no authority in this state allowing a change of venue for the convenience of the parties, the witnesses, or the court, which is permitted in federal courts under the doctrine of "forum non conveniens." Ex parte Joiner, 486 So.2d 402 (Ala.1986).
It goes without saying that FAC's primary corporate purpose is to make a profit by extending credit at a designated rate of interest. By purchasing the credit sale contracts executed by residents of Macon County, FAC was engaged in an activity designed to achieve that purpose.
Based on the record before us, we cannot hold that the trial judge erred in denying the defendants' motion. There has simply not been a clear showing of error on the part of the trial judge. The defendants' assertions that the purchase of the credit sale contracts were isolated transactions are not supported. The burden of proof was on the defendants to show the nature of these transactions and a lack of continuity with regard to them. They have not met that burden.
WRIT DENIED.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
TORBERT, C.J., dissents.
TORBERT, Chief Justice, dissenting.
This is the latest of a recent line of cases addressing the issue of whether a corporate defendant is doing business in a particular county so as to make venue proper in that county.
In Ex parte Real Estate Financing, Inc., 450 So.2d 461 (Ala.1984), we stated that the test used in determining whether certain contacts with a county by the corporate defendant constitute "doing business" is whether the aggregate of its corporate activities there ultimately achieves the defendant's primary purpose. We had previously held that a corporation "does business" in a county if it performs there, with some degree of regularity, some of the business functions for which it was created. Ex parte Jim Skinner Ford, Inc., 435 So.2d 1235 (Ala.1983).
An examination of our cases applying these rules, Ex parte Peabody Galion Co., 497 So.2d 1126 (Ala.1986); Ex parte Snoddy, 487 So.2d 860 (Ala.1986); Ex parte Joiner, 486 So.2d 402 (Ala.1986); Ex parte Reliance Ins. Co., 484 So.2d 414 (Ala.1986); Ex parte Wilson, 475 So.2d 562 (Ala.1985); Ex parte Southtrust Bank of Tuskegee, 469 So.2d 103 (Ala.1985), convinces me that this is the most tenuous set of facts upon which we have determined venue.
The admissible evidence in this case shows that the defendant purchased, apparently from Allstate Storm Windows, nine credit sales contracts executed by residents of Macon County. We know nothing about where Allstate Storm Windows is located or the details of the arrangement between Finance America Corporation ("FAC") and Allstate Storm Windows. The majority assumes that FAC accepted assignments of these contracts and that Macon County residents were then required to make their *462 payments directly to FAC, but such information is not before us.
It would seem that the relevant inquiry concerns FAC's dealings with Allstate. Is Allstate located in Macon County? Under what terms did FAC purchase the credit contracts in question? Did the purchase of those contracts in effect make FAC a lender to residents of Macon County?
FAC's corporate purpose is to make loans; loans were made to Macon County residents by someone else and subsequently FAC came to own credit documents evidencing those loans. These facts of themselves do not necessarily lead to the conclusion that FAC is doing business in Macon County. What we know is that FAC is doing business with a company that is doing business with Macon County residents.
While the burden of proof is on the party questioning venue, Ex parte Harrington Mfg. Co., 414 So.2d 74 (Ala.1982), FAC came forth with affidavits stating that FAC did not do business in Macon County. Hopkins produced evidence that FAC did business with Allstate. Under these facts, I believe change of venue was proper. I would grant the writ.