Alpine Bay Resorts, Inc. (hereinafter "Alpine Bay"), petitions this Court for a writ of mandamus directed to the Honorable David A. Rains, Judge of the Circuit Court of DeKalb County. Claiming improper venue, Alpine Bay seeks a transfer of the action filed against it by William P. Taylor and his wife, Carolyn J. Taylor, from DeKalb County to Jefferson County. The writ is granted.
The Taylors' complaint, which was filed in DeKalb County, alleges misrepresentation *Page 114 
by Alpine Bay in the sale to the Taylors of the use of a condominium at Alpine Bay Resort (hereinafter "the resort") under a vacation time-sharing plan. The resort is located in Talladega County. Alpine Bay filed a motion for change of venue, claiming that venue is improper in DeKalb County and is proper in Jefferson County. In support of that motion was the affidavit of Richard T. Stafford, which stated as follows:
"1. I am President of Alpine Bay Resorts, Inc.
 "2. Alpine Bay Resorts, Inc. was incorporated under the laws of the State of Alabama and as such is a domestic corporation.
 "3. Alpine Bay Resorts, Inc. does not now and has never transacted business in DeKalb County, Alabama.
 "4. Alpine Bay Resorts, Inc. does transact business in Jefferson County, Alabama."
William Taylor filed an affidavit in opposition to the motion for change of venue, stating as follows:
 "The Defendant [Alpine Bay] in this case does business in DeKalb County, Alabama. In fact, the solicitations which initiated my contacts with the Defendant were mailed to me at my home in DeKalb County, Alabama. I know that the Defendant made numerous solicitations by mail to people in DeKalb County, Alabama, in an attempt to sell time-share use of the Defendant's property. The Defendant contacted me at numerous times in DeKalb County, Alabama, in an attempt to sell me the time-share which I eventually agreed to purchase."
The trial court denied the motion for change of venue.
Alpine Bay subsequently filed a motion requesting that the court reconsider its denial of the motion for change of venue in order to give Alpine Bay an opportunity to respond to Mr. Taylor's affidavit. Attached to the motion for reconsideration was a second affidavit of Richard T. Stafford. In that affidavit, Stafford stated that Alpine Bay had never had an agent in DeKalb County and that the only personal contact Alpine Bay had with the Taylors occurred in Talladega County when the Taylors purchased a time-share unit at the resort. Stafford also stated that he believed that Leisure American Marketing, Inc., a company that had a contract with Alpine Bay to market time-share units at the resort, had sent advertisements soliciting the sale of time-share units to the Taylors and to others in DeKalb County. After the depositions of both Mr. Taylor and Mrs. Taylor were taken, the trial court heard and denied Alpine Bay's motion for reconsideration.
The applicable venue statute, Ala. Code 1975, § 6-3-7, provides:
 "A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."
In determining whether venue of a claim against a corporation is proper in a particular county, the definitive question is whether the corporation was doing business in that county.Ex parte Southtrust Bank of Tuskegee, 469 So.2d 103 (Ala. 1985). "When a party seeks review by writ of mandamus of an order transferring or refusing to transfer . . ., we determine whether the lower court has sufficient facts before it to ascertain proper venue. . . ." Ex parte HarringtonManufacturing Co., 414 So.2d 74, 75 (Ala. 1982). The writ of mandamus will not be granted unless the trial court abused its discretion or exercised its discretion in an arbitrary or capricious manner. Ex parte Wilson, 408 So.2d 94 (Ala. 1981).
The pleadings and depositions filed with the trial court provide sufficient facts for a consideration of proper venue in this case. These facts reveal that Alpine Bay's activities consisted of: mailing advertisements *Page 115 
for the resort to residents of DeKalb County; responding by telephone and by mail to inquiries and complaints of the Taylors after they had purchased a time-share unit; mailing the completed contract and other documents signed by the Taylors to them in DeKalb County; and mailing the Taylors statements for installments due under the note signed by the Taylors. In response to the advertisement for the resort, the Taylors traveled to the resort in Talladega County, where they met with a sales representative and purchased a time-share unit. The sales transaction occurred in Talladega County.
We hold that the activities of Alpine Bay are insufficient to support a finding that Alpine Bay was "doing business" in DeKalb County for venue purposes. This case presents a situation distinguishable from that presented in Ex parteSnoddy, 487 So.2d 860 (Ala. 1986). In Snoddy, the Court held that venue in an action against a moving company was proper in a county in which the moving company had "held itself out as doing business" by offering its moving services for hire through an advertisement in the yellow pages of the telephone directory for that county. The advertisement through the mail by Alpine Bay of the availability for sale of time-share units at the Talladega County resort does not constitute doing business by "holding itself out for business" in DeKalb County.
In City Stores Co. v. Williams, 287 Ala. 385, 252 So.2d 45
(1971), a case that was factually distinguished in Snoddy, supra, the Court held that advertising by a department store in a newspaper and over a television station that reaches a surrounding county, without more, does not constitute doing business in that county. The Court characterized the activities of the store as "merely a solicitation of business to be consummated" in the store. 287 Ala. at 392, 252 So.2d at 52. The Alpine Bay advertisements that reached residents of DeKalb County were a solicitation of business, inviting those who received the communication to visit the resort in Talladega County. The other activities of Alpine Bay in DeKalb County, consisting of correspondence and telephone conversations with the Taylors after the sale of the time-share unit to the Taylors, are contacts too attenuated to constitute "doing business" in DeKalb County.
Based on the record before us, we hold that Alpine Bay has made a clear showing of error on the part of the trial court in denying Alpine Bay's motion to transfer. See Ex parteHarrington Manufacturing Co., 414 So.2d 74 (Ala. 1982). Accordingly, the writ of mandamus is granted.
WRIT GRANTED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.