HOUSTON, Justice.
Petitioner seeks a writ of mandamus directing Judge Edward B. McDermott of the Mobile County Circuit Court to transfer an action from Mobile County to Baldwin County. The writ is granted.
The plaintiff, Noval Clyde Silcox, filed this action in Mobile County Circuit Court against the defendants, Dicky Dryer and Robert Ralston, alleging that the defendants had converted his shrimp boat to their own use. Defendant Ralston filed a motion pursuant to Rule 82(d), Ala.R.Civ.P., for change of venue to Baldwin County, on the following grounds:
“1. Both of the defendants are resident citizens of Baldwin County, Alabama, and have been such during all times material to this lawsuit.
“2. All of the activities complained of by the plaintiff in his lawsuit took place in Baldwin County, Alabama.”
In an affidavit submitted with the motion, Ralston stated as follows:
“I am Robert Ralston, and I am one and the same person who is named as a defendant in Case No. CV-87-002095 which is pending in the Circuit Court of Mobile County, Alabama. I am a resident citizen of Baldwin County, Alabama, and I have never resided in Mobile County, Alabama. Dicky Dryer, the only other defendant named in this lawsuit, is a resident citizen of Baldwin County, Alabama, and during all times material to this lawsuit was a resident citizen of Baldwin County, Alabama. All of the activities complained of by the plaintiff in this lawsuit took place in Baldwin County, Alabama. At no time was the boat which is the subject of this lawsuit ever located in Mobile County, Alabama.”
The plaintiff introduced no evidence tending to contradict Ralston’s affidavit. After a hearing, the trial court denied Ralston’s motion, and he filed this petition for a writ of mandamus.
The only question presented by the petition is whether the trial court should have transferred the case from Mobile County to Baldwin County.
We note, initially, that the plaintiff admitted in his answer to Ralston’s petition for writ of mandamus that “both defendants are residents of Baldwin County, and were so at all times relevant to the complaint” and that “he filed no affidavit in opposition to defendant Ralston’s motion for change of venue.” The plaintiff did deny that all of the acts complained of in his complaint took place in Baldwin County and attached to the answer an affidavit in which he stated that they did not all occur there. We cannot consider that affidavit, however, because we are bound by the record and cannot consider a statement or evidence that was not before the trial court. On review by mandamus, we must look at only those facts that were before the trial court. Ex parte Baker, 459 So.2d 873 (Ala.1984).
The only evidence that was before the trial court at the time it ruled on the motion showed that both of the defendants are residents of Baldwin County and that the actions forming the basis of the suit all took place in Baldwin County.
Rule 82(b), Ala.R.Civ.P., in pertinent part, reads as follows:
“(1) Against Resident Individuals. Actions against an individual or individuals having a permanent residence in this state:
“(A) Must be brought in the county where the defendant or any material defendant resides at the commencement of the action, except that if the action is a personal action other than an action on a contract, it may be brought either in the county where the act or omission complained of *490 occurred, or in the county of the permanent residence of the defendant or one of them.” (Emphasis added.)
See also, § 6-3-2(a)(3), Code 1975.
The burden of proving improper venue is on the party raising the issue, and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial court. Ex parte Finance America Corp., 507 So.2d 458 (Ala.1987).
Our review of the record in this case indicates that the only evidence presented to the trial court showed that the case should have been transferred to Baldwin County because venue was not proper in Mobile County. Therefore, based on the record before us, we hold that the trial court erred in denying Ralston’s motion. That court is directed to transfer the case to Baldwin County.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.