The petitioners, TranSouth Financial Corporation, Associates Financial Life Insurance Company, Buddy Lewis, Pam McLeod, Carl Knight, and Steve Pickard, petition this Court for a writ of mandamus directed to the Circuit Court of Crenshaw County, to order the trial judge to transfer this action to the Circuit Court of Pike County. The petitioners contend that venue is improper in Crenshaw County.
Patsy O. Morrell filed a complaint in the Circuit Court of Crenshaw County, alleging that the petitioners, in bad faith, had refused to pay a "credit life" insurance policy she had purchased as part of a loan transaction. She also alleged that the petitioners had wrongfully canceled the insurance and that they had fraudulently misrepresented that the insurance was in effect.
The petitioners filed a motion to transfer; they claimed that the individual defendants — Lewis, McLeod, Knight, and Pickard — were all residents of Pike County. Further, they argued that neither TranSouth nor Associates was "doing business" in Crenshaw County; therefore, they contended, venue was not proper in Crenshaw County. Morrell contended that TranSouth was "doing business" in Crenshaw County by virtue of its filing mortgages and other security instruments at the county courthouse. *Page 386 
The trial court denied the petitioners' motion to transfer and stated:
 "Based on the affidavits on file and the representations of counsel for all parties in open court that TranSouth Financial Corporation does file mortgages and other security documents related to its loan business in the public records at the Crenshaw County Courthouse, Defendants' motion to . . . change venue is due to be and [is] hereby denied."
The single issue presented to this Court is whether the recording of mortgages in the public records of Crenshaw County by TranSouth, a foreign corporation, constitutes "doing business" in that county so that venue is proper there.
"The burden of proving improper venue is on the party raising the issue, and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial court." Ex parte Ralston, 519 So.2d 488, 490 (Ala. 1987). We have held that mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) a lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Ex parteMartin, 598 So.2d 1381 (Ala. 1992). In this case, the petitioners have failed to show that they are clearly entitled to a transfer; therefore, the writ is due to be denied.
Amendment 473 of the 1901 Alabama Constitution states:
 "Any foreign corporation, whether or not such corporation has qualified to do business in this state by filing with the secretary of state a certified copy of its articles of incorporation or association, may be sued only in those counties where such suit would be allowed if the said foreign corporation were a domestic corporation."
Morrell alleges fraud and bad faith on the part of the petitioners; such claims are personal injury claims. Therefore, venue against a corporation, foreign or domestic, is proper (1) "in the county where the injury occurred" or (2) "in the county where the plaintiff resides if such corporation doesbusiness by agent in the county of the plaintiff'sresidence." § 6-3-7, Ala. Code 1975 (emphasis added).
The parties do not contend that the injury occurred in Crenshaw County. Therefore, under § 6-3-7, venue is proper in Crenshaw County, as the county where Morrell resides, if TranSouth "does business by agent" in Crenshaw County. Relying on Ex parte SouthTrust Bank of Tuskegee, 469 So.2d 103
(Ala. 1985), we hold that the filing of mortgages and the performance of other procedures ancillary to securing or collecting loans may constitute "doing business" in the county where such procedures are carried out when the corporation's primary purpose is the lending of money.
In Ex parte SouthTrust, the respondents brought an action in Bullock County alleging fraud and misrepresentation arising from SouthTrust's renewal of a certificate of deposit and alleging conversion, based on its failure to pay the proceeds of the certificate of deposit. Id. at 103-04. SouthTrust filed a motion for change of venue, alleging that it did not do business by agent in Bullock County. Id. at 104. This Court noted that SouthTrust had no corporate office and no full-time employees in Bullock County; that the percentage of its business conducted in Bullock County was minimal compared to the amount of its business done in Macon County, where almost all of its business was conducted; and that its only connection with Bullock County was "that SouthTrust [had] taken a small number of mortgages on Bullock County property, which in several instances [had] been closed in Bullock County for the convenience of the borrower and the attorney." Id. This Court also noted:
 "SouthTrust [had] previously made loans to Bullock County debtors, secured by Bullock County property. Although executed in Macon County, the financing statements were all filed in Bullock County. In addition, the stipulation of facts in this case indicate[d] that on occasion *Page 387 
a SouthTrust agent would travel to Bullock County to attempt to collect on a loan [that] had become delinquent."
Id. Based upon these facts, this Court held that "the aggregate of all of South-Trust's corporate activities in Bullock County ultimately achieve[d] SouthTrust's primary corporate purpose-making loans." Id. at 105.
TranSouth's primary corporate purpose is making loans. As part of carrying out its primary corporate purpose, TranSouth filed mortgages at the Crenshaw County courthouse. It has carried out other business, ancillary to the securing or collecting of mortgage debt, at the Crenshaw County courthouse. Therefore, we hold that the filing of mortgages and foreclosure deeds at the Crenshaw County courthouse is sufficient in this case to support a finding, for venue purposes, that TranSouth is "doing business" in Crenshaw County. However, we do not wish to be understood as stating that such actions, which are inherently connected with the business of lending money, will constitute "doing business" for venue purposes when the corporation's primary purpose is something other than lending money. See Holman v. Durham Buggy Co., 200 Ala. 556,557, 76 So. 914, 915 (1917).
The petition for the writ of mandamus is denied.
WRIT DENIED.
HORNSBY, C.J., and ADAMS, STEAGALL and KENNEDY, JJ., concur.