PARKER, Justice.
Greenetrack, Inc., petitions for a writ of mandamus directing the Pickens Circuit Court to vacate its order denying Greene-track’s motion to transfer to the Greene Circuit Court an action filed against it by Joe Estaño. Estaño seeks restitution for moneys he and a putative class of others allegedly lost at the Greenetrack gaming facility. We grant the petition and issue the writ.

Background

Greenetrack operates “both paper and electronic video bingo” at its facility in Greene County for “80 nonprofit organizations licensed by the Sheriff of Greene *451 County.” Amendment No. 743, Ala. Const. 1901 (Local Amendments, Greene County, § 1 (Off.Recomp.)), authorizes nonprofit organizations to operate “bingo games for prizes or money” in Greene County. Estaño filed a complaint in December 2006, alleging that the gaming operation at the Greenetrack facility is illegal because, he argues, it exceeds the authority granted by the local amendment. Section 8-1-150, Ala.Code 1975, provides that a person may recover losses incurred as the result of an illegal gambling operation. Estaño filed the complaint in his county of residence, Pickens County. The complaint stated that venue is proper in Pickens County because Greenetrack, the defendant, does business there and because Es-taño, the plaintiff, resides there.
On February 9, 2007, Greenetrack filed a motion to dismiss Estano’s complaint pursuant to Rules 12(b)(3) and 12(b)(6), Ala. R. Civ. P. Alternatively, Greenetrack moved the trial court to transfer the case to Greene County pursuant to § 6-3-7, Ala.Code 1975, which governs venue as to corporations, or under the doctrine oí forum non conveniens, § 6-3-21.1, Ala.Code 1975. The trial court denied Greene-track’s motion. Greenetrack has petitioned for a writ of mandamus alleging that the trial court exceeded its discretion by refusing the transfer of the case to Greene County.[1]

Analysis

“ ‘The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.’ Ex parte Alabama Great Southern R.R., 788 So.2d 886, 888 (Ala.2000). ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). Moreover, our review is limited to those facts that were before the trial court. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998).
“ ‘The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’ Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987). In addition, this Court is bound by the record, and it cannot consider a statement or evidence in a party’s brief that was not before the trial court. Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala.1995).”
Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala.2002).
In its motion for a change of venue, Greenetrack argued that venue in Pickens County was not proper, and it asked the trial court to transfer the action to Greene County pursuant to § 6-3-7, Ala.Code 1975, or, in the alternative, under § 6-3-21.1, Ala.Code 1975, the forum non conve-niens statute, for the convenience of the parties. Because the writ will issue on the authority of § 6-3-7, we need not reach the issue whether Greene County is a more convenient forum under § 6-3-21.1, Ala.Code 1975.
*452 Section 6-3-7(a), Ala.Code 1975, provides, in part, that “[a]ll civil actions against corporations may be brought ... (3) [i]n the county in which the plaintiff resided ... at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence .... ” The crux of the issue presented by Greenetrack’s petition is whether Greenetrack “does business by agent” in Pickens County, the county of Estano’s residence. Greenetrack argued in its motion for a change of venue that all Greenetrack’s business functions occur at its facility, which is located in Greene County; that its principal place of business and its offices are located exclusively in Greene County; and that it has not purchased any newspaper, radio, or billboard advertisements in Pickens County.
Estaño argued in his opposition to Greenetrack’s motion for a change of venue that because Greenetrack operated a bus that ran on a regular schedule from its facility in Greene County to Columbus, Mississippi, with scheduled stops in Pick-ens County at Aliceville and Reform,[2] Greenetrack did business by agent in Pick-ens County. The bus provided free transportation to and from Greenetrack.[3] Esta-ño also argued that Greenetrack targets business from Pickens County through “advertisements over television, radio, billboards and other mass media.” In a footnote to his opposition to Greenetrack’s motion, Estaño indicated that Greenetrack also had 10 employees who reside in Pick-ens County who presumably travel to and from Greene County daily.
To support his argument, made in opposition to Greenetrack’s motion, that the operation of the bus service between Greene County, Alabama, and Columbus, Mississippi, with stops in Pickens County, constituted conducting business by agent in Pickens County, Estaño first defined the terminology by quoting from Ex parte Pike Fabrication, 859 So.2d at 1093: “ ‘ “[A] corporation ‘does business’ in a county for the purposes of § 6-3-7 if, with some regularity, it performs there some of the business functions for which it was created.” ’ ” (Quoting Ex parte Wiginton, 743 So.2d 1071, 1074-75 (Ala.1999), quoting in turn Ex parte SouthTrust Bank of Tuscaloosa, N.A., 619 So.2d 1356, 1358 (Ala.1993).) In his opposition to Greenetrack’s motion, Estaño then argued:
“The Alabama Supreme Court has repeatedly held that a corporation does business by agent in a County when it performs business functions which relate to its core business. For example, in Ex parte Scott Bridge Co., 834 So.2d 79, 81-82 (Ala.2002), a former employee living in Chambers County filed a retaliatory discharge action in Chambers County against his employer, Scott Bridge, a bridge-building company in Lee County. Scott Bridge moved to dismiss or trans *453 fer, claiming that venue was improper under Section 6-3-7(a)(3) because it was not doing business in Chambers County, in that it had never constructed a bridge there. The evidence however showed that Scott Bridge had bought some supplies for bridge-building from vendors in Chambers County. The Supreme Court held that Scott Bridges’s purchase of supplies in Chambers County rendered it to be doing business there.
“Also instructive is Ex parte Perfection Siding, Inc., 882 So.2d 307 (Ala.2003). In that case, Plaintiff (an employee of a siding contractor) sued the subcontractor and general contractor in Hale County, seeking damages resulting from a fall from a roof occurring at a jobsite in Tuscaloosa County. Defendants sought dismissal or transfer, claiming that venue was improper because the subcontractor (Perfection Siding) was not doing business in Hale County. Particularly, Perfection Siding claimed that it had only performed two (2) jobs in Hale County in the year prior to the lawsuit, a minuscule fraction of its approximately 1,000 total jobs performed that year. The Supreme Court held that Perfection Siding was doing business in Hale County because its ‘physical presence [and] performance of services within the county.’ Perfection Siding, 882 So.2d at 311.”
In determining whether venue in Pick-ens County is proper in this case, we must look to whether Greenetrack was, in Pick-ens County, “performfing] some of the business functions for which it was created,” Ex parte Pike Fabrication, 859 So.2d at 1093, as Estaño argued in his opposition to Greenetrack’s motion for a change of venue. When Greenetrack made its prima facie case that it did not do business in Pickens County, the burden then shifted to Estaño to prove that Greenetrack did, in fact, conduct in Pickens County the business for which it was created.
Estaño cited Ex parte Scott Bridge Co., 834 So.2d 79 (Ala.2002), for the holding that Scott Bridge was doing business in Chambers County even though it had not built a bridge there but had merely purchased some supplies there. Estaño argued that this activity by Scott Bridge is analogous to Greenetrack’s running a bus service to pick up potential customers in Pickens County and transport them to Greene County. But this Court in Scott Bridge reasoned:
“ ‘A corporation “does business” in a county for purposes of § 6-3-7 if, with some regularity, it performs there some of the business functions for which it was created. Ex parte Real Estate Financing, Inc., 450 So.2d 461 (Ala.1984); Ex parte Southtrust Bank of Tuskegee, 469 So.2d 103 (Ala.1985).’ Ex parte SouthTrust Bank of Tuscaloosa County, N.A., 619 So.2d 1356, 1358 (Ala.1993). This Court has made the following distinction between those corporate business functions for which a corporation was created and the exercise of corporate powers incidental to those corporate business functions:
“ ‘It should be noted that not every act done within the corporate powers of a foreign corporation will constitute doing business within the meaning of the statute. We recognized in International Cotton-Seed Oil Co. [v. Wheelock], 124 Ala. [367,] at 370-371, 27 So. [517,] at 518 [ (1899) ], that in applying the test for doing business “it may not always be easy to distinguish between acts done in the exercise of corporate functions and those done merely within corporate powers.” ’
“Ex parte Charter Retreat Hosp., Inc., 538 So.2d 787, 790 (Ala.1989).
*454 [[Image here]]
“While this Court has not been provided with as detailed a description of Scott Bridge’s interactions with its parts supplier in Chambers County as the Court of Civil Appeals was provided with of GTE’s relationship with its parts supplier in Ex parte GTE Automatic Electric, Inc., [448 So.2d 385, 387 (Ala.Civ.App.1984),] the information that this Court does have regarding Scott Bridge’s interactions with its supplier in Chambers County is that Scott Bridge ‘purchased handrail pipe, handrail posts, protection anchors, supports, and shoes which are used in Scott Bridge’s business [of bridge building].’ (Trial court’s order denying the motion for a change of venue.) Scott Bridge could presumably have purchased these materials elsewhere, and thus fulfilled its corporate purpose entirely outside of Chambers County, but spending more than $50,000 per year in Chambers County on materials necessary to bridge construction is sufficient to constitute ‘doing business’ in Chambers County.
“Scott Bridge’s purchases of bridge parts from suppliers in Chambers County can be distinguished from other, more tangential relationships that this Court has deemed insufficient to constitute ‘doing business.’ Specifically, this Court held in Ex parte Parsons & Whittemore Alabama Pine Construction Corp., 658 So.2d 414 (Ala.1995), and in Ex parte Real Estate Financing, Inc., 450 So.2d 461 (Ala.1984), that retaining the services of an attorney in the forum county on a case-by-case basis did not constitute ‘doing business’ in that county, where the businesses of the companies were construction and real estate financing, respectively. Hiring an attorney was tangential to the companies’ fulfillment of their primary business functions. Scott Bridge’s primary business function of building bridges, however, immediately and directly depends upon the transactions it has with its Chambers County suppliers.”
Ex parte Scott Bridge Co., 834 So.2d at 81-82. Greenetrack’s providing bus service to solicit potential customers is not analogous to the purchase of over $50,000 per year of parts used in a corporation’s primary business. Greenetrack’s principal business, the business for which it was created and authorized, is to run the Greenetrack gaming facility in Greene County, providing gaming services to patrons who come to the facility. Greenetrack’s providing a bus route through Pickens County was “the exercise of corporate powers incidental to [its] corporate business functions”; it was “tangential to the compan[y]’s fulfillment of [its] primary business functions.” 834 So.2d at 81-82.
Less convincing than his reliance on Scott Bridge is Estano’s reliance on Ex parte Perfection Siding, Inc., 882 So.2d 307 (Ala.2003). In that case, venue for an action involving a company formed to install siding was found to be proper in a county in which the company had installed siding on two occasions within the prior year. To be analogous, Greenetrack would have had to have conducted a gaming operation within Pickens County on two occasions within the year before Estano’s action was filed.
Based on the foregoing, we hold that Greenetrack was not “doing business” in Pickens County; consequently, Pickens County was not a proper venue for Esta-no’s action. Because a case may be transferred for reasons of forum non conve-niens only if it was initially filed in a proper venue, we do not reach that aspect of the petition.
Because Greenetrack was not “doing business” in Pickens County, § 6-3-7(c) *455 requires that the action be transferred to Greene County, the county in which Greenetrack does do business.

Conclusion

Greenetrack has demonstrated a clear legal right to the transfer and a clear error on the part of the trial court in refusing the transfer. We, therefore, grant the petition and issue the writ. The trial court is directed to vacate its order denying Greenetrack’s motion for a change of venue and to enter an order transferring the action to Greene County.
PETITION GRANTED; WRIT ISSUED.
WOODALL and BOLIN, JJ., concur.
STUART, SMITH, and SHAW, JJ., concur specially.
COBB, C.J., and LYONS and MURDOCK, JJ., dissent.

. The petition does not address the trial court's denial of Greenelrack’s motion to dismiss the complaint.

. Greenetrack discontinued the bus service to Columbus, Mississippi, including the stops in Aliceville and Reform, in February 2007 because the service was not being used.

. In response to Greenetrack's motion for a change of venue, Estaño provided affidavits from four persons saying that they had ridden the Greenetrack bus from Pickens County to the Greenetrack facility sometime alter December 2006. Greenetrack responded with affidavits showing that there had been no passenger pick-ups in Pickens County from November 2006 through February 2007 and that the bus route was discontinued in February 2007.
In his brief to this Court, Estaño challenges the timeliness of the filing of Greenetrack’s affidavits, Estano's brief, at 15 n. 5, but he made no objections to the affidavits in the trial court. “The failure to object to the admission of evidence results in a waiver on appeal of argument on that point.” Ex parte Williamson, 907 So.2d 407, 416 (Ala.2004).