LYONS, Justice
(dissenting).
I joined the majority opinion in Ex parte Scott Bridge Co., 834 So.2d 79 (Ala.2002), authored by Justice See, and I must respectfully dissent from the main opinion’s strained attempt to distinguish it.
Section 6-3-7(a), Ala.Code 1975, provides in part that “[a]ll civil actions against corporations may be brought ... (3) [i]n the county in which the plaintiff resided ... at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence ....” (Emphasis added.) The defendant in Scott Bridge, a bridge-building company, never built a bridge in Chambers County, just as Greenetrack never conducted gaming operations in Pickens County. Nevertheless, we held, correctly I submit, that venue was proper in Chambers County in Scott Bndge where the defendant, acting through its agent, purchased materials in that county with which to build bridges in another county. On the same rationale, we should hold that venue is proper in Pickens County where Greenetrack sends its agent, operating a bus for the purpose of picking up customers and transporting them to its facility in Greene County. The absence of a gaming operation in Pickens County is analogous to the absence in Scott Bridge of any bridge construction in Chambers County.
The main opinion analogizes Greene-track’s activities in Pickens County to sporadic retention of an attorney on a case-by-case basis, a circumstance this Court has deemed tangential to a corporation’s primary business function. See Ex parte Parsons & Whittemore Alabama Pine Constr. Corp., 658 So.2d 414 (Ala.1995); Ex parte Real Estate Fin., Inc., 450 So.2d 461 (Ala.1984). Fetching customers is hardly a tangential activity of a business that must turn a profit to keep its doors open. Nor can we point to the high dollar volume of activity in Chambers County in Scott Bñdge as a basis on which to distinguish it without judicially rewriting § 6-3-7 to create a requirement of “doing substantial business by agent.”
Justice Murdock in his dissenting opinion attempts to distinguish Scott Bridge. He states:
“In Ex parte Scott Bridge Co., supra, the sale and purchase of supplies in Chambers County appear to me to have been activities by which the sellers of those supplies did their business. I question whether the fact that Scott Bridge was the purchaser in those transactions meant that it was ‘do[ing] business by agent in [Chambers County]’ within the meaning of § 6-3-7(a)(3), Ala. Code 1975, intended by the legislature. Specifically, I question whether Scott Bridge was doing its business by making the purchases it made.”
25 So.3d at 458.
So, according to Justice Murdock’s dissent, the sellers of supplies to the defen *458 dant in Scott Bridge were doing “their” business while the defendant, an entity whose business is acquiring raw materials and making bridges out of those materials,[5] was somehow not doing its business by purchasing such materials through the acts of agents in Chambers County, and this Court should therefore have found venue in Chambers County defective. Suffice it to say that had this rationale been presented during this Court’s consideration of Scott Bridge I would have rejected it and stayed with my vote to deny the petition for mandamus.
I would affirm the trial court’s rejection of the challenge to venue under § 6-3-7 and address the secondary issue of availability of a transfer “for the convenience of parties and witnesses, or in the interest of justice,” under § 6-3-21.1, Ala.Code 1975.
COBB, C.J., concurs.

. See Scott Bridge, 834 So.2d at 81 (“To fulfill its principal corporate function of building bridges, Scott Bridge must purchase parts, tools, and equipment with which to perform that principal corporate function.”).