This is a petition for a writ of mandamus directed to Judge Dale Segrest of the Circuit Court of Macon County. We grant the writ.
On July 8, 1985, Robert Joiner filed an action in Macon County against Westbrook and Associates, Inc. (Westbrook), and Champion Insurance Company (Champion), alleging fraud, misrepresentation, and deceit. Joiner had leased an automobile insured by Champion, and Westbrook had acted as the claims adjuster when Joiner damaged the car in an accident. Westbrook is a Georgia corporation with an office located in Lee County. Champion is a domestic corporation with principal offices in Jefferson County and does business by agent in Randolph County. The accident occurred in Randolph County, where Joiner resides.
Both Westbrook and Champion filed a motion to dismiss or, alternatively, a motion to transfer the case to Lee County. On September 26, 1985, Joiner sought to amend his complaint to add as a party defendant Ford Motor Credit Company, a foreign corporation allegedly doing business in Macon County. That same day, Judge Segrest heard arguments on the defendants' motions and entered an order transferring the case to Lee County. Consequently, Judge Segrest dismissed Joiner's amended complaint as being filed in an improper venue. Joiner now petitions this Court for a writ of mandamus, asking that we direct the trial judge to vacate his transfer order.
Proper venue is determined in accordance with the Alabama Constitution, statutes, Rules of Civil Procedure, and caselaw. The Ala. Const. 1901, Art. XII, § 232, provides that a foreign corporation "may be sued in any county where it does business, by service of process upon an agent anywhere in the state." Section 232 is not permissive but self-executing, mandatory, and restrictive. Bolton v. White Motor Co., 239 Ala. 168,194 So. 510 (1940). According to Code 1975, § 6-3-7, a "foreign corporation may be sued in any county in which it does business by agent." A corporation "does business" in the county if it performs there, with some degree of regularity, some of the business functions for which it was created. Ex parte JimSkinner Ford, Inc., 435 So.2d 1235 (Ala. 1983). "It is not necessary, however, for a corporation to have an agent physically present and conducting business in a county for venue to be proper there." Ex parte Reliance Ins. Co.,484 So.2d 414 (Ala. 1986). See also, Ex parte Snoddy, 487 So.2d 860
(Ala. 1986). Furthermore, there is no authority in this state allowing a change of venue for the convenience of the parties, the witnesses, or the court, which is permitted in federal courts under the doctrine of "forum non conveniens." MedicalService Administration v. Dickerson, 362 So.2d 906 (Ala. 1978). *Page 404 
Rule 82 (c), Ala.R.Civ.P., provides: "Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought." See Roland Pugh Mining Co. v. Smith, 388 So.2d 977
(Ala. 1980); Ex parte Jackson, 485 So.2d 1116 (Ala. 1986).
This Court's review of a venue determination by petition for writ of mandamus is to determine whether the trial court abused its discretion and exercised its judgment in an arbitrary and capricious manner. Ex parte Wilson, 408 So.2d 94 (Ala. 1981).
Because the activities of Westbrook, the foreign corporation, alone determine the proper venue in this case, we must examine whether Westbrook was "doing business" in Macon County. Westbrook describes these acts in its answer to Joiner's petition:
 "To summarize the activity of Respondent Westbrook, one can readily determine from the Exhibits that an agent with Respondent Westbrook was in Macon County, Alabama for one to one and one-half hours on January 29, 1985 . . .; Respondent Westbrook was again in Macon County, Alabama for one hour on March 4, 1985 . . .; finally, Respondent Westbrook was in Macon County, Alabama on June 21, 1985 for a total of four and one-half hours doing field work, i.e., inspecting cars, taking photographs, etc."
Also in its answer, Westbrook recounts a number of telephone calls in the course of its business to and from various offices and people in Macon County.
These activities are sufficient to constitute "doing business" for purposes of determining venue. These transactions involved some of the business functions for which Westbrook was created, and Westbrook performed these acts in Macon County with some degree of regularity. Westbrook was not required for venue purposes to have an agent physically present in the county on a regular basis; it is sufficient in this case that an agent made several on-site examinations in Macon County and that a number of telephone calls were made to and from there in the course of business. Although another county may have been more convenient for the parties, transferring on that basis is contrary to the law of this state. Because Macon County is a proper venue for an action against Westbrook, it is an equally proper venue for Champion in this case. The trial judge erred in transferring the case to Lee County. Consequently, we grant the writ of mandamus to direct Judge Segrest to vacate his transfer order.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, BEATTY and ADAMS, JJ., concur.
HOUSTON, J., dissents.
ALMON, J., not sitting.