ROBERTSON, Presiding Judge.
Helen Rigsby filed a complaint in Walker County, Alabama, her place of residence, against Hendrix Health Care Center (Hendrix) and Employers’ Claim Management (Employers).
Count One of the complaint is a claim for workmen’s compensation benefits against Hendrix, alleging permanent total disability as a result of an accident in November 1990 while Rigsby was employed by Hendrix. Count Two of the complaint is a claim against Employers, alleging the tort of outrage in the way Employers has handled Rigsby’s workmen’s compensation benefits, including medical expenses.
Hendrix does business in Winston County, Alabama, and the principal office of Employers is in Montgomery, Alabama. Hendrix and Employers filed a joint motion to transfer the case to either Winston County or Montgomery County. The motion was denied, and they seek a writ of mandamus from this court.
Mandamus is an extraordinary writ, which shall issue only when there are credible allegations, ironclad in nature, showing that the trial court is bound by law to do that which is requested. Ex parte Evans, 545 So.2d 81 (Ala.Civ.App.1989).
The limited record before this court reflects that if the tort of outrage occurred, as alleged in the complaint, it occurred in Walker County. Consequently, we cannot hold that the trial court was bound by law to transfer the claim against Employers to Montgomery County. Venue in a workmen’s compensation ease is the same as in a tort action. § 25-5-81(a)(l), Code 1975. When two claims or parties are joined, the action may be brought in any county in which any one of the claims could have been brought. Rule 82(e), A.R.Civ.P. Consequently, wé cannot hold that the trial court was bound by law to do that which was requested.
WRIT DENIED.
THIGPEN and YATES, JJ., concur.