MADDOX, Justice.
The defendants petition for a writ of mandamus directing Judge D.P. Scurloek III, sitting by designation as a judge of the Washington Circuit Court, to transfer an action from Washington County to Mobile County.
Lynn Ruth Bassett filed a class action complaint against Toyota Motor Credit Corporation, World Omni Financial Corporation, and American Security Insurance Company in the Circuit Court of Washington County, alleging breach of contract, breach of fiduciary duty, fraud by suppression, and civil conspiracy. That action has been conditionally certified as a class action.
The claim arose from the following facts: Bassett purchased a new Toyota automobile in Mobile from Springhill Toyota, Inc. In the contract of purchase, Bassett agreed to maintain physical damage insurance on the car; however, she allowed her physical damage insurance to lapse. Toyota Motor Credit and World Omni Financial Corporation “force placed” insurance coverage with *871 American Security Insurance Company. Bassett alleges that coverage beyond that required by the contract was obtained and that the amount of insurance purchased was in an amount equal to the total remaining payments rather than to the outstanding balance computed according to the rule of 78.
The defendants moved for a change of venue, contending that venue was not proper in Washington County because, they said, they do not conduct business in Washington County by agent as required under § 6-3-7, Ala.Code 1975, and contending that Washington County is an inconvenient forum. Judge Seurlock denied the motion for change of venue, holding that one or more of the defendants does business in Washington County and that the defendants had failed to prove that litigating the action in Mobile County would be significantly more convenient than litigating it in the forum where the action was filed. Following the denial of the motion, the defendants — Toyota Motor Credit Corporation, World Omni Financial Corporation, and American Security Insurance Company — filed this petition for a writ of mandamus.
Mandamus is an extraordinary remedy requiring a showing that there is: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Alfab, Inc., 586 So.2d 889 (Ala.1991).
Also, it is well settled that “In cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion; however, it may not issue to control the exercise of discretion except in a case of abuse.” Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990) (emphasis added).
The defendants argue that none of them “had an agent who worked in Washington County or had an ongoing operation or any long-term project there, that would constitute a regular business function sufficient to establish venue.” Petitioners’ brief at 8. Lynn Ruth Bassett, the plaintiff, argues as follows:
“From February 1988, the inception of the [Toyota Motor Credit Corporation] loan portfolio, through July 1992, the date this lawsuit was filed, [World Omni Financial Corporation] has administered approximately 11,386 Alabama contracts under the [Toyota Motor Credit Corporation] loan portfolio. Of these 11,386 Alabama contracts, approximately 130 were with persons who reside in Washington County. As a part of administering the [Toyota Motor Credit Corporation] loan portfolio, [World Omni Financial Corporation] has contacted by telephone and in writing Washington County residents who are delinquent in their installment payments or who have failed to maintain limited physical damage insurance coverage on their vehicles in accordance with the terms of the retail installment sale contracts with [Toyota Motor Credit Corporation]. In those cases where the defaults were not cured, [World Omni Financial Corporation] has repossessed the vehicles of Washington County residents and has filed lawsuits in Washington County to collect the deficient balances. Finally, [American Security Insurance Company] has issued limited physical damage insurance covering vehicles owned by residents of Washington County based upon information furnished by [World Omni Financial Corporation], as administrator for [Toyota Motor Credit Corporation].”
Respondent’s brief at 9-10 (footnotes omitted).
Because the defendants are foreign corporations, the venue statute to be applied here is that portion of Ala.Code 1975, § 6-3-7, relating to foreign corporations. It provides: “A foreign corporation may be sued in any county in which it does business by agent....” This Court has stated that a corporation “ ‘does business’ in the county if it performs there, with some degree of regularity, some of the business functions for which it was created.” Ex parte Joiner, 486 So.2d 402, 403 (Ala.1986). “It is not necessary, however, for a corporation to have an agent physically present and conducting business in a county for venue to be proper there.” Ex parte Finance America Corp., 507 So.2d 458, 461 (Ala.1987). In addition, *872 the plaintiff need not demonstrate that each defendant conducts business in Washington County, because if venue is proper as to any one of the defendants, then it is proper as to all other defendants who are properly joined in 'the action. Ala.R.Civ.P. 82(c).
Based on the record before us, we cannot hold that the trial judge erred in holding that one or more of the defendants does business in Washington County. Toyota Motor Credit Corporation’s primary corporate purpose is to make a profit by extending credit at a designated rate of interest to individuals for the purchase of vehicles from certain authorized Toyota dealers. By executing retail installment sales contracts with Washington County residents with some degree of regularity, Toyota Motor Credit Corporation engaged in an activity designed to achieve that purpose. World Omni Financial Corporation’s primary corporate purpose is to administer the automobile financing program for Toyota Motor Credit Corporation. By administering the retail installment sales contracts executed by residents of Washington County, World Omni Financial Corporation was engaged in an activity designed to achieve that purpose.
The defendants also argue that the trial court erred by holding that they had failed to prove that litigating the action in Mobile County would be significantly more convenient than litigating it in the forum where the action was filed.
“The trial court should grant a motion to transfer on the ground that another venue is more convenient' to the parties only when it is convinced that the right of the plaintiff to choose the forum is outweighed by the inconvenience to the parties.”
Ex parte Townsend, 589 So.2d 711, 715 (Ala.1991). There has simply not been a clear showing of error on the part of the trial judge. See Ex parte Johnson, 638 So.2d 772 (Ala.1994).
WRIT DENIED.
HORNSBY, C.J., and SHORES, STEAGALL and INGRAM, JJ., concur.