THIGPEN, Judge.
This is an original petition for a writ of mandamus, seeking to have this court direct Judge Jack D. Carl of the Jefferson County Circuit Court to transfer an action from Jefferson County to Winston County.
In April 1994, Billy Brown sued Cavalier Homes of Alabama, Inc. (Cavalier), in the Circuit Court of Jefferson County, Alabama, seeking workmen’s compensation benefits. He alleged that in February 1993, he was injured in the course of his employment with Cavalier at its plant located in Winston County, Alabama. He also alleged that he was a resident of Cullman County, Alabama, and that Cavalier was an Alabama corporation doing business in Winston, Jefferson, and other Alabama counties.
Cavalier moved to transfer the case to the Circuit Court of Winston County, Alabama, alleging that Winston was the county where Brown’s alleged injury occurred and the location of Cavalier’s principal place of business. Cavalier alleged that venue was improper in Jefferson County because, it said, it did not conduct business in Jefferson County and did not have any plants, offices, or property located in Jefferson County. Brown opposed Cavalier’s motion, arguing that venue was proper in Jefferson County because, he claimed, Cavalier conducted business through an agent in Jefferson County, that agent being The Home Place, Inc. (Home Place). Cavalier filed a revised motion to transfer, alleging, among other things, that Home Place was not an agent of Cavalier, and that Jefferson County had no factual relation to this case or to the allegations alleged in the complaint.
After hearing statements and arguments of counsel, the Jefferson County Circuit Court denied the motion to transfer. Cavalier filed this petition for a writ of mandamus; the only issue presented is whether the trial court abused its discretion in denying Cavalier’s motion to transfer this action to Winston County.
A writ of mandamus will not be granted unless there is a clear showing of error by the trial judge. Ex parte Finance America Corp., 507 So.2d 458 (Ala.1987). An appellate court’s “review of a venue determination by petition for writ of mandamus is to determine whether the trial court abused its discretion and exercised its judgment in an arbitrary and capricious manner.” Ex parte Joiner, 486 So.2d 402, 404 (Ala.1986). Furthermore, mandamus is an extraordinary and drastic writ which shall issue only when the petitioner shows that the trial court is bound by law to do what is requested. Ex parte Hendrix Health Care Center, 628 So.2d 725 (Ala.Civ.App.1993); Ex parte Evans, 545 So.2d 81 (Ala.Civ.App.1989); see also Ex parte Townsend, 589 So.2d 711 (Ala.1991).
Venue in a workmen’s compensation case is the same as in a tort action. Ala.Code 1975, § 25-5-81(a)(l). The venue of civil actions against corporations is addressed by Ala.Code 1975, § 6-3-7, which states, in pertinent part, that “all actions ... for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiffs residence.” (Emphasis added.) *1033 The terms and provisions of § 6-3-7 are plain and unambiguous.
It is undisputed that the accident or injury which was the basis of Brown’s claim occurred in Winston County, and that Brown is a resident of Cullman County. Venue is clearly improper in Jefferson County. Venue would be proper, however, in Winston County, where the injury occurred. Brown’s argument that Cavalier does business by agent in Jefferson County is simply not relevant.
The transfer provisions of Rule 82(d)(1), A.R.Civ.P., concerning improper venue, state: “When an action is commenced laying venue in the wrong county, the court, on timely motion of any defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein.” (Emphasis added.) The petitioner had a clear legal right to have this case transferred, and the trial judge had an imperative duty to transfer this case. Ex parte Townsend, supra.
The trial court erred in denying Cavalier’s motion to transfer. Accordingly, the writ of mandamus is due to be granted.
WRIT GRANTED.
ROBERTSON, P.J., and YATES, J., concur.