CRAWLEY, Judge.
On September 11, 1994, Clayton Allen Humbers (the “decedent”), who was employed by R.E. Garrison Trucking, Inc. (“Garrison”), as a truck driver, was killed in a motor vehicle accident in Texas. At the time of the accident, he was driving a truck owned by Garrison. Joyce Humbers, his *948 mother, sued to recover death benefits under the Alabama Workers’ Compensation Act. She sued in Marion County, Alabama, the county in which she resides and the county in which the decedent resided. Garrison moved to transfer the case, requesting that it be transferred to the Circuit Court of Cullman County. The trial court denied that motion. Garrison has petitioned for a writ of mandamus directing the trial court to grant the motion to transfer.
A petition for the writ of mandamus is the proper method for challenging a venue ruling. Ex parte Swift Loan & Finance Co., 667 So.2d 706, 708 (Ala.1995). Garrison, as the party requesting a transfer, has the burden of proving that the trial court erred by denying its motion to transfer. Swift Loan & Finance Co., 667 So.2d at 708. A writ of mandamus will not be issued except upon a clear showing that the trial court has erred. Id.
Venue in a workers’ compensation action is determined in the same manner as venue is determined in a tort action. Ala.Code 1975, § 25-5-81(a)(l); Ex parte Cavalier Homes of Alabama, Inc., 655 So.2d 1031,1032 (Ala.Civ.App.1995). In addition, Ala.Code 1975, § 6-3-7, governs venue in an action against a domestic corporation:
“[A] domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiffs residence.”
(Emphasis added.)
Because the accident that caused the decedent’s death occurred in Texas, only that portion of § 6-3-7 emphasized above can be applied to determine the proper venue for this action. That is, venue is proper in the county where Humbers resides, Marion County, only if Garrison does business by agent in that county.
In support of its motion to transfer, Garrison filed the affidavit of Julian Oaks, the safety director for Garrison. Oaks’s affidavit established that Garrison was a trucking company with its principal place of business in Cullman County, Alabama. He further stated that Garrison had never picked up or delivered freight or otherwise done business in Marion County, Alabama. He also stated that Garrison did not maintain any terminals or advertise its services in Marion County. This affidavit satisfied Garrison’s burden of proving that it does not do business in Marion County. See Ex parte Blount, 665 So.2d 205, 209 (Ala.1995).
In opposition to Garrison’s motion, Hum-bers submitted selected pages of the deposition testimony of Donald Vaughn, Garrison’s director of operations and safety. In his deposition, Vaughn testified that the dispatching of its drivers is an integral part of Garrison’s business. He also testified that a driver was typically “dispatched,” i.e., informed of the time and date of his next haul, when the driver called in to the dispatch office from his. home. He did state that Garrison would contact a driver if it was in an “emergency situation.” However, nothing in Vaughn’s testimony indicated that a Garrison dispatcher had ever telephoned the decedent at his home in Marion County or that the decedent had ever telephoned the Garrison dispatch office from his home in Marion County. Vaughn also stated that he “had no idea” whether his drivers ever drove their trucks through Marion County on their way to deliver their loads.
Humbers argues that Vaughn’s statements are sufficient to establish that Garrison “does business by agent” in Marion County. She argues that the possibility that a Garrison dispatcher had telephoned the decedent in Marion County, or that the decedent had telephoned a Garrison dispatcher from Marion County, is sufficient to establish that Garrison did business in that county. Hum-bers also argues that Vaughn’s testimony that “[he] ha[s] no idea” whether any Garrison trucks has ever driven through Marion County on their way to their destinations contradicts Oaks’s statement that Garrison does not do business in Marion County.
Vaughn’s deposition testimony concerning whether trucks had ever driven *949 through Marion County, however, is simply testimony that he does not know whether a Garrison truck has been driven through Marion County. That testimony is not sufficient to support an inference that a Garrison truck had been driven through Marion County. See Ex parte Coleman, 705 So.2d 392 (Ala.1997) (holding that testimony that a landlord did not remember who installed a tenant’s air conditioner did not support the allegation that the air conditioner had been installed by a “nonelectrician”).
Humbers relies on Ex parte Joiner, 486 So.2d 402 (Ala.1986), to support her contention that telephone calls to an employee within a particular county are sufficient to establish that a company is doing business in that county. In deciding that venue was proper in the county where the plaintiff filed the action, the Joiner court does indeed mention that the defendant had made telephone calls into that county. Joiner, 486 So.2d at 404. However, the telephone calls referred to in Joiner were coupled with the presence of the company’s agent in the county and his performance in that county of the functions for which the company was created. Id. We do not have any such evidence. We have here mere speculation that a Garrison dispatcher had made telephone calls to the decedent’s residence for the purpose of informing him when to come to work or that, while at home in Marion County, the decedent had telephoned a Garrison dispatcher for the same information. Garrison had no agent in Marion County performing any functions whatever.
When Garrison made its prima facie showing that it did not do business in Marion County, the burden shifted to Humbers to prove that it did. See Blount, 665 So.2d at 209. Her evidence does not satisfy her burden. Therefore, the writ is granted.
WRIT GRANTED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., dissents.