806 So.2d 867 (2002)
Gail M. LAWYER
v.
SUCCESSION OF Eva Mae McBride KOUNTZ, Through her Executrix, Barbara Kountz KUPIT, Sandra Kountz Dusang and Barbara Kountz Kupit as Universal Legatees of the Estate of Eva Marie McBride Kountz; Prudential Real Estate Affiliates, Inc., et al.
No. 2000-CA-1888.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 2002.
Writ Denied March 28, 2002.
*868 James A. Holmes, Christovich & Kearney, L.L.P., New Orleans, LA, Counsel for Defendant-Appellee.
Geoffrey H. Longenecker, Longenecker & Associates, Ltd., Madisonville, LA, Counsel for Defendant/Appellant.
Court composed of Chief Judge WILLIAM H. BYRNES, III, JAMES F. McKAY, III, and Judge DENNIS R. BAGNERIS, SR.
Judge DENNIS R. BAGNERIS, SR.
This appeal arises out of the trial court's granting of defendant-appellee Rid-A-Pest's ("Rid-A-Pest") Exception of Prescription as to the defendant-appellee Kountz Succession's ("the Succession") incidental demands against Rid-A-Pest. We affirm the trial court judgment.

FACTS AND PROCEDURAL HISTORY
This suit arises from Gail Lawyer's, the plaintiff's ("the plaintiff"), purchase of a home located at 5349 Vermilion Boulevard in New Orleans. The plaintiff purchased this home from the Succession on September 28, 1995. Prior to the sale, Rid-A-Pest performed a pre-sale inspection for termites and issued a termite certificate. Shortly after the plaintiff's purchase of the home, she discovered plumbing problems and termite damage.
As a result, the plaintiff initially filed suit for recision of the sale of the house on July 9, 1996 against the Succession. The plaintiff also filed suit against Prudential Real Estate Affiliates, Inc. d/b/a Prudential Louisiana Properties, Mary Lee Oliphant, Rid-A-Pest, and two insurance companies.
Mary Lee Oliphant and the Prudential defendants were dismissed, as were the *869 insurance companies who issued homeowners' policies that allegedly covered the homes for these types of damages.
Rid-A-Pest filed an Answer to the plaintiff's suit. Along with this Answer, Rid-A-Pest also filed a Cross-Claim against the Succession defendants. Both the Answer and Cross-Claim were filed in 1996; however, service of this Cross-Claim was withheld.
On March 25, 1999, a status conference took place. At that time, all counsel of record certified that all of the amendments to the pleadings had been completed and that all incidental demands had already been filed and that no additional pleadings would be necessary. September 8th and September 9th, 1999, were the trial dates selected. Additionally, by joint motion and order, all parties agreed to refer the case for mediation.
The plaintiff mediated the case with both Rid-A-Pest and the Succession, the remaining defendants, on June 3, 1999. The plaintiff and Rid-A-Pest were able to reach a settlement, but the plaintiff and the Succession were unable to settle their portion of the case.
Following the mediation, on June 4, 1999, the Succession filed one pleading entitled "Answer to Cross-Claim of Rid-A-Pest Control Incorporated Reconventional Demand as to Cross-Claim, Second Supplemental and Amended Third Party Petition and Cross-Claim against Rid-A-Pest Control, Incorporated and Supplemental and Amended Answer." This was an Answer to Rid-A-Pest's previously filed Cross-Claim. Incorporated into this Answer were incidental demands (the Reconventional Demand as to Cross-Claim; the Second Supplemental and Amended Third Party Petition and Cross-Claim Against Rid-A-Pest Control, Inc.; and the Supplemental and Amended Answer).
Rid-A-Pest then filed an Exception of Prescription with regard to the Succession's incidental demands. The trial court held a hearing on this Exception on July 6, 1999. On August 10, 1999, the trial court issued a judgment in which it granted Rid-A-Pest's Exception of Prescription and dismissed the Succession's incidental demands with prejudice. It is from this ruling that the Succession appeals.

LAW AND DISCUSSION
The Succession alleges one assignment of error and argues that the trial court erred in finding that the Succession's interests against Rid-A-Pest had prescribed. In support, the Succession argues that their claims of indemnity and contribution against Rid-A-Pest are based on the contract between the Succession and Rid-A-Pest; therefore, the ten year prescriptive period under LSA-C.C. art. 3499 applies, as opposed to the one-year prescriptive period under LSA-C.C. art. 3492.
In response, Rid-A-Pest argues that these incidental demands do not sound ex contractu, but rather are in fact ex delicto. In support of their argument, Rid-A-Pest states that there was no ongoing contractual relationship between Eva Mae Kountz, or her Succession, and Rid-A-Pest to provide termite treatment throughout the years. Rather, Rid-A-Pest was hired to give a one-time termite infestation report on the subject property for the purposes of the sale. According to Rid-A-Pest, under these circumstances, the Succession's claims against Rid A Pest arise in tort; therefore, the one-year prescription rule applies. Further, Rid-A-Pest argues that because the Succession's incidental demands were filed almost three years after service of the Petition on the Succession representatives, they were clearly prescribed, as they were not served *870 within the ninety days provided by LSA C.C.P. art. 1067, and more than one year had elapsed since the expiration of the ninety day period. We agree with Rid-A-Pest's arguments.
The appellate standard of review in jury and non-jury trials are the same and the appellate courts are to decide whether the trial court's judgment was manifestly erroneous or clearly wrong. The Court of Appeal's function on appellate review is to determine whether evidence was sufficient for the trial court's factual findings, and whether those findings were clearly wrong. Burkett v. Crescent City Connection Marine Div., 98-1237 (La.App. 4 Cir. 2/10/99), 730 So.2d 479; Allen v. Rawlins, 95-1592 (La.App. 4 Cir. 2/15/96), 669 So.2d 1282. Although deference is accorded to the fact finder, the Court of Appeal has a constitutional duty to review facts; appellate court[s] may not merely decide if it would have found facts of a case differently, but is mandated to affirm the trial court where that court's judgment is not clearly wrong or manifestly erroneous. Burkett, supra; Stewart v. Great Atlantic and Pacific Tea, 94-1592 (La.App. 4 Cir. 3/16/95), 657 So.2d 1327.
In its Reasons for Judgment, the trial court stated as follows:
... Rid-A-Pest apparently did not have an ongoing contractual relationship to provide termite treatment with the Succession representatives and was only asked to give a one-time termite infestation report on the subject property for purposes of the sale. Under these circumstances, it is clear that the Succession's claims against Rid-A-Pest arise ex delicto and the one-year prescription rule applies. Payne v. O'Quinn, 565 So.2d 1049 (La.App. 3rd Cir.1990).
Plaintiff's filed suit on July 9, 1996. Rid-A-Pest filed its Answer and Cross-Claim on August 23, 1996. Service of the Cross-Claim against the Succession was withheld, but the Certificate of Service indicates copies were mailed out to all counsel. The Succession did not file its incidental demand against Rid-A-Pest until June 4, 1999.
Rid-A-Pest contends the Succession's incidental demand is prescribed pursuant to LSA-C.C.P. art. 1067. Art. 1067 states:
An incidental demand is not barred by prescription or preemption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of a third party demand.
The incidental demand the Succession seeks to file was not barred by prescription or peremption at the time the original Petition was filed, but it is clear they were not filed within ninety days of the date of service of the main demand upon the Succession representatives. Sandra Kountz Dusang was personally served with the original Petition on July 24, 1996 and Barbara Kountz Kupit was served on July 15, 1996. The Succession's incidental demands were filed almost three years after service of the original Petition. The incidental demands are prescribed on their face under Article 1067, but the Succession contends the ninety-day grace period provided by LSA-C.C.P. art. 1067 never began to run because Rid-A-Pest's Cross-Claim was never served. The record indicates the Succession waived proper service of the Cross-Claim, filed an Answer to it and also filed its incidental demands in one pleading. Insufficiency of service citation are declinatory exceptions *871 which must be raised with or prior to the filing of an Answer. By filing its Answer and incidental demand on June 4, 1996, the Succession entered a general appearance in the Cross Claim thereby waiving any objection to citation of service of process. Accordingly, service of Rid-A-Pest's Cross-Claim by mail was effective and the ninety-day delay period provided by LSA C.C.P. art. 1067 has long since past. Baldi v. Mid-American Indemnity Co., 526 So.2d 281 (La.App. 3rd Cir.1988).
For the foregoing reasons it is clear that the Succession's incidental demands against Rid-A-Pest are prescribed and are hereby dismissed with prejudice.
(Emphasis Supplied).
Because the trial court's findings of fact and conclusions of law in its Reasons for Judgment provide a thorough and well-reasoned analysis of the prescription issue in this case, in order not to be redundant, we adopt them as our own. We further add that, after careful review of the record evidence in this matter, we find no manifest error on the part of the trial court judge.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is hereby AFFIRMED.
AFFIRMED.