PER CURIAM.
International Paper Company (“IP”) and Chapman Forest Products, Inc. (“Chapman”), petition this court for writs of mandamus compelling the Conecuh Circuit Court (“the trial court”) to transfer the action filed against them by Jerry Elliott (“the employee”) to the Butler Circuit Court.
The employee filed a complaint against IP and Chapman (sometimes hereinafter referred to collectively as “the employers”) on August 24, 2009, seeking workers’ compensation benefits for two separate injuries he allegedly sustained to his shoulder while pushing wood through machines during his employment with IP and Chapman, respectively.[1]
*905 The employers filed motions and supporting affidavits seeking dismissal of the action or, alternatively, transfer of the case to Butler County. IP and Chapman both contended that venue was improper in Co-necuh County and that a transfer of the case to Butler County was mandatory; Chapman additionally sought relief on the alternative ground that the case, even if properly brought in Conecuh County, should be transferred to Butler County pursuant to the doctrine of forum non conveniens. The employee filed a response and evidentiary materials in opposition to the .employers’ motions. After a hearing, the trial court denied the employers’ motions.
IP and Chapman separately and timely sought mandamus relief in this court, pursuant to Rule 21, Ala. R.App. P.; the two petitions were consolidated for appellate review, and the employee has filed a single response to those petitions. The sole issue raised by the mandamus petitions and the supporting materials is whether venue is proper in Conecuh County under § 6 — 3—7(a)(3), Ala.Code 1975,[2] which provides that a civil action against a corporation may be brought “[i]n the county in which the plaintiff resided ... at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence” (emphasis added).[3] Based on the doctrine of “pendent venue,” i.e., “[w]hen two claims or parties are joined, the action may be brought in any county in which any one of the claims could have been brought,” see Ex parte Hendrix Health Care Ctr., 628 So.2d 725, 726 (Ala.Civ.App.1993) (citing Rule 82(c), Ala. R. Civ. P.), the pertinent question presented is whether either IP or Chapman “does business” by agent in Co-necuh County such that the order denying the employers’ motions to transfer was correct. See also Ex parte Smith Wrecker Serv., Inc., 987 So.2d 534, 536 (Ala.2007) (noting that mandamus petitioner’s contention that particular county was an improper venue for the underlying action could not “be sustained unless venue in [that c]ounty [was] improper as to both [defendants]” in that action).
“A petition for the writ of mandamus is the proper method by which to seek review of a denial of a motion for a change of venue. Ex parte Alabama Great Southern R.R., 788 So.2d 886 (Ala.2000). ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). [An appellate court] reviews a petition *906 for a writ of mandamus challenging a ruling on venue under an abuse-of-discretion standard. Id.
“ ‘The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’
“Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987).”
Ex parte Scott Bridge Co., 834 So.2d 79, 80-81 (Ala.2002); accord Ex parte Siemag, Inc., 53 So.3d 974, 977-78 (Ala.Civ.App.2010).
As we have noted, whether the employers did business in Conecuh County as of the time the action was instituted, which is the pertinent time for determining the propriety of venue under statutory provisions such as § 6-3-7(a)(3) that incorporate a doing-business-by-agent test, see Ex parte Charter Retreat Hosp., 538 So.2d 787, 789 (Ala.1989), was a key disputed issue. The employers, in support of their motions to dismiss or to transfer, submitted affidavits of particular corporate officials and other documents tending to show that neither IP nor Chapman did business in Conecuh County.
In response to the employers’ filings, the employee submitted documents, including securities-law filings with the United States Securities and Exchange Commission, pleadings and discovery materials from a premises-liability action brought in the trial court against IP and its lessee (a hunting club), and papers pertaining to logging agreements entered into between IP and other corporate entities. The employee contends in his response to the mandamus petitions that those filings demonstrate that IP, Chapman, or both perform in Conecuh County, with some regularity, some of the business functions for which they were created, see Scott Bridge, 834 So.2d at 81; the employers concede that that is the pertinent criterion in determining whether the county of the plaintiffs residence is indeed a proper venue under § 6-3-7(a)(3).
Angela L. Rucker, IP’s workers’ compensation coordinator, testified that IP “did not operate a business in Conecuh County,” and, although she identified no corporate connection between the two employers, she also testified that all Chapman’s agents had worked in Butler County. IP also filed a printed copy of a computerized record maintained by the Alabama Secretary of State indicating that IP’s headquarters was located in New York and that its registered agent for service of process in Alabama was located in Montgomery. According to a document entitled “Termination of Log Agreements” that was filed in the Cone-cuh Probate Court in October 2009, IP’s rights and responsibilities under the logging agreements, which were entered into in 2006 and 2007 by IP with various wood suppliers located in a number of Alabama counties (including Conecuh County), had apparently been expressly assigned and delegated by IP to Chapman as of December 31, 2007, and the employee adduced no evidence indicating that IP subsequently entered into similar agreements after that date that would be material to a venue inquiry. Further, IP’s mere ownership of real property in Conecuh County in 2007, which it leased to a third-party hunting club, is, in our view, simply an “exercise of corporate powers incidental to ... corporate business functions,” Scott Bridge, 834 So.2d at 81, especially in light of the statement in IP’s securities-law filing (attached to the employee’s response to the mandamus petition) that IP’s “ordinary course of business” involved entering into purchase obligations as to components, such *907 as “certain pulpwood, wood chips, raw materials, energy and services,” used to prepare finished products. Thus, we conclude that the employee failed to prove that, at the time the employee’s action was filed, IP was doing business by agent in Conecuh County such that venue was proper there.
Craig Payne, the former president of Chapman, testified in his November 2009 affidavit that Chapman no longer existed as a corporate entity, that Chapman had been located in Butler County and had “never done business by agent or otherwise in Conecuh County,” and that the employee’s injuries, if any, that had occurred in the scope of his employment with Chapman had occurred in Butler County. The affidavits submitted by Payne and Rucker tend to show that Chapman did not regularly do business by agent in Co-necuh County at the time of the filing of the complaint. Therefore, the burden shifted to the employee to prove that Chapman did, in fact, do business by agent in Conecuh County. Ex Parte Silver Chiropractic Group, Inc., 975 So.2d 922, 926 (Ala.2007). In order to prove that Chapman was doing business by agent in Cone-cuh County, the burden was on the employee to show that Chapman regularly conducted some of its core corporate functions in Conecuh County in and around August 24, 2009. Ex parte Greenetrack, Inc., 25 So.3d 449 (Ala.2009). Assuming that the purchase and cutting of timber was part of Chapman’s core corporate functions, see Scott Bridge, 834 So.2d at 80-81, to discharge his burden the employee would have to show that Chapman was regularly performing those functions in Conecuh County.
According to the filings submitted by the employee, Chapman, as of January 1, 2008, assumed all the rights and duties inuring to IP under various logging agreements. The logging agreements themselves do not appear in the record, but the “termination” document discussed earlier in this opinion indicates that they were entered into by IP with third parties in 2007 and that they evidently obligated those third-party entities (1) to provide a specified volume of timber products to Chapman and (2) to “make available” cutting rights to certain land. The record indicates that the “termination” document was filed in the probate court of three counties — Conecuh County, Butler County, and Covington County — implying that the foregoing obligations applied to lands situated in those counties. To fulfill the first obligation, the third parties could supply and sell logs and other wood products to Chapman from any of the three counties, not just from Conecuh County. The wording of the “termination” document does not specify that any portion of the timber products must come from Conecuh County, only that they could. To fulfill the second obligation, the third parties only had to grant Chapman the right to cut timber on lands located in the three counties. The agreements apparently did not require Chapman to actually exercise those rights in Conecuh County.
In Scott Bridge, the Alabama Supreme Court determined that venue was proper in Chambers County because Scott Bridge had purchased from suppliers in that county a significant number of bridge parts that were used in Scott Bridge’s business of bridge building and because those purchases were sufficient to constitute “doing business” in Chambers County. 834 So.2d at 82. Unlike Scott Bridge, however, the record in the present case contains no evidence indicating that Chapman actually exercised its rights to cut timber in Cone-cuh County. From all that appears in the record, all the timber supplied to Chapman pursuant to the log agreements came from Butler County and Covington County. We conclude, therefore, that the employee did not present any evidence indicating that *908 Chapman had ever bought timber that had been cut from land situated in Conecuh County or had ever cut timber in Conecuh County, much less that Chapman regularly did so in the relatively brief time that it held the log agreements before the employee filed his complaint. At best, the employee showed only that Chapman held the rights to purchase timber products and to cut timber from land situated in Cone-cuh County.
As such, we conclude that the trial court could not have inferred from the language of the “termination” document that, just because Chapman had certain rights to timber located in Conecuh County, it had regularly exercised those rights in the little over a year and a half that Chapman was a party to the log agreements. In light of Payne’s affidavit, without the necessary evidence showing Chapman’s actual business practices in Conecuh County, the employee has failed to sustain his burden of proof. As such, venue in Conecuh County is improper under § 6-3-7(a)(3).
Based upon the foregoing facts and authorities, the employers have demonstrated that the trial court erred in not transferring the ease; accordingly, the petitions are granted.
2090352 — PETITION GRANTED; WRIT ISSUED.
2090368 — PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
PITTMAN, J., dissents, with writing.

. We note that Rule 20(a), Ala. R. Civ. P., allows for joinder of claims against defendants only if the right to relief claimed arises out of the same transaction, occurrence, or series of transactions and occurrences. Although the employee’s election to bring *905 claims arising from two separate injuries, suffered in the course of two separate employments, in the same action might well have presented a question of misjoinder, neither IP nor Chapman has raised misjoinder or asserted the propriety of severance in this action.

. Venue of actions brought under the Alabama Workers’ Compensation Act, Ala.Code 1975, § 25-5-1 et seq., is the same as that applicable in tort actions generally. See Ex parte Cavalier Home Builders, L.L.C., 920 So.2d 1105, 1106 n. 1 (Ala.Civ.App.2005).

. We note that the employee filed an affidavit clearly demonstrating that he did, in fact, reside in Conecuh County at the time of the accrual of the causes of action, thus demonstrating that the threshold residency condition of § 6 — 3—7(a)(3) was met. We further note that, although Chapman’s venue motion averred that Butler County was a more convenient venue than Conecuh County so as to warrant transfer under the doctrine of forum non conveniens under Ala.Code 1975, § 6-3-21.1, the employers have not relied upon § 6-3-21.1 in seeking mandamus relief.