PITTMAN, Judge.
Billy Barnes Enterprises (“Barnes”) petitions this court to issue a writ of mandamus directing the Washington Circuit Court to vacate its order denying Barnes’s motion to transfer the workers’ compensation action filed by Aimee Heathcoe to the Monroe Circuit Court and to grant Barnes’s motion to transfer. We deny the petition.

Facts and Procedural History

On January 30, 2006, Heathcoe was injured in Mississippi while working as a truck driver for Barnes. Barnes acknowledged that Heathcoe’s injury was compen-sable; it paid for the medical treatment necessitated by her injuries, and it paid temporary-total-disability benefits to her until May 2007, when Heathcoe’s treating physician determined that she had reached maximum medical improvement (“MMI”). Beginning in December 2008, however, Barnes again paid Heathcoe temporary-total-disability benefits after she underwent knee surgery. Heathcoe’s treating physician determined that she had reached MMI for a second time in February 2009. Barnes apparently paid Heathcoe temporary-total-disability benefits through May 2009.
In January 2007, Heathcoe sued Barnes in the Washington Circuit Court, seeking benefits for a claimed permanent total disability under the Workers’ Compensation Act, AIa.Code 1975, § 25-5-1 et seq. (“the Act”). Barnes answered and asserted that venue did not lie in Washington County because, Barnes said, Heathcoe was not a resident of that county and Barnes, a corporation, did not do business by agent in that county. On February 27, 2007, Barnes moved the circuit court to transfer the action to Monroe County, the location of Barnes’s principal office. In support of that motion, Barnes submitted the affidavit of Michelle Green, a claims examiner with the Alabama Self-Insured Workers’ Compensation Fund, the entity that provided workers’ compensation coverage for Barnes. Green stated that Heathcoe had contacted her on November 16, 2006, had advised her that Heathcoe had moved to Tallapoosa County, and had requested that *182 Heathcoe’s temporary-total-disability benefit checks be mailed to Heathcoe’s new address in Tallapoosa County. Barnes also submitted the affidavit of Wiley Downing, its human-resources director. Downing stated that Barnes is a domestic corporation whose principal office is in Monroe County, that Barnes neither owned property nor had any terminals or other business locations in Washington County, and that Barnes had not picked up or delivered any freight in Washington County since 2000.
In opposition to Barnes’s motion, Heath-coe submitted an affidavit stating that she owned a home in Washington County, that she was registered to vote in Washington County, and that she had purchased tags for her vehicles in Washington County. She stated that her husband, a construction worker, had been unable to find work in Washington County but that he had recently obtained employment in Tallapoo-sa County, and, Heathcoe stated, she had traveled to Tallapoosa County to be with her husband. Heathcoe testified that she considered her stay in Tallapoosa County to be temporary and that she had no intention of changing her residence from Washington County.
Heathcoe further averred that Barnes had regularly transported cargo in Washington County, had hired her and trained her in Washington County, and had dispatched her from Washington County to do work. She also testified that Barnes had authorized her to park the truck she drove for Barnes at her residence in Washington County, had allowed her to perform pre-trip inspections of the truck in Washington County, and had maintained an on-call truck repairman in Washington County.
On July 8, 2007, the circuit court denied Barnes’s motion to change venue. Thereafter, the parties conducted discovery. In deposition testimony on September 27, 2007, Heathcoe stated that she had resided in Washington County until May 2007, when she had gone to Tallapoosa County to be with her husband. On November 30, 2007, and on May 27, 2009, Barnes deposed Dr. Christopher Patton, Heathcoe’s treating physician.
On May 23, 2011, Barnes filed a renewed motion to transfer the action to Monroe County, attaching to its motion additional evidentiary materials, including medical records from Dr. Patton and other health-care providers, insurance-claim forms, and traffic citations indicating that, from July 2006 through the date of the motion, Heathcoe had designated a location in Tallapoosa County as her address. The circuit court denied Barnes’s renewed motion on July 27, 2011. Barnes filed a petition for a writ of mandamus on September 7, 2011, that, as to the ruling on the renewed motion, is timely.

Standard of Review

“‘The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.’ Ex parte Alabama Great Southern R.R., 788 So.2d 886, 888 (Ala.2000). ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). Moreover, our review is limited to those facts that were before the trial court. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998).
“ ‘The burden of proving improper venue is on the party raising the issue *183 and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’ Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987).”
Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala.2002).

Discussion

The proper venue of a workers’ compensation action is in “the circuit court of the county which would have jurisdiction of a civil action in tort between the parties.” Ala.Code 1975, § 25-5-81(a)(l). Section 6-3-7, Ala.Code 1975, governs venue of actions against corporate defendants. That section provides, in pertinent part:
“(a) Ail civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided ... at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
Subsection (a)(1) is inapplicable because the events giving rise to Heathcoe’s workers’ compensation claim occurred in Mississippi. Subsection (a)(2) would place venue in Monroe County. The dispute is whether subsection (a)(3) permitted Heathcoe’s choice of Washington County as the venue of the action. Barnes argues that subsection (a)(3) does not apply because, Barnes says, at the time of the accrual of Heathcoe’s claim, Heathcoe did not reside in Washington County and Barnes did not do business by agent in Washington County.
In its petition, Barnes reiterates the argument it made in the circuit court — that Heathcoe’s claim did not accrue until after she had reached MMI and had received her last temporary-total-disability payment in May 2009, rather than at the time of the accident resulting in her injury in January 2006. Barnes bases that argument upon § 25-5-81(a), Ala.Code 1975, and the penultimate sentence in § 25-5-80, Ala.Code 1975. Section 25-5-81(a) provides, in pertinent part:
“a) Commencement of action in circuit court.
“(1) Procedure. In case of a dispute between employer and employee ... with respect to the right to compensation under this article and Article 2 of this chapter, or the amount thereof, either party may submit the controversy to the circuit court of the county which would have jurisdiction of a civil action in tort between the parties.”
(Emphasis added.) Section 25-5-80 provides, in pertinent part:
“In case of a personal injury not involving cumulative physical stress, all claims for compensation under this article shall be forever barred unless within two years after the accident the parties shall have agreed upon the compensation payable under this article or unless within two years after the accident one of the parties shall have filed a verified complaint as provided in Section 25-5-88. ... Where, however, payments of compensation, as distinguished from *184 .medical or vocational payments, have been made in any case, the period of limitation shall not begin to run until the time of making the last payment."
(Emphasis added.) Barnes contends that, because § 25-5-81 (a) limits judicial review to “disputes” and “controversies,” an employee like Heathcoe who has received medical payments and compensation from her employer has no dispute or controversy with the employer (and, therefore, Barnes says, no “claim” against which a period of limitations can begin to run) until the employee reaches MMI and seeks additional benefits that the employer denies. Barnes contends that the emphasized portion of § 25-5-80 supports the argument that Heathcoe’s claim did not accrue until she had finally reached MMI and had received her last compensation payment. Accordingly, Barnes maintains, Heathcoe’s workers’ compensation claim did not accrue until May 2009, at which time, Barnes says, Heathcoe was indisputably a resident of Tallapoosa County, not Washington County.
Barnes’s argument is mistaken for two reasons. First, Barnes interprets the provisions of § 25-5-81(a), a purely procedural statute relating to the commencement of a workers’ compensation action, to be descriptive of the time at which a workers’ compensation claim accrues. Second, it misreads a tolling provision in § 25-5-80, a workers’ compensation statute of limitations, to state the time of accrual of a workers’ compensation claim. The first sentence of § 25-5-80 makes it clear that a workers’ compensation claim accrues, and the statute of limitations begins to run against that claim, at the time of the accident causing the injury. “[A] statute of limitations ... sets forth the time period within which an action is deemed to have accrued...” Moore v. Liberty Nat’l Ins. Co., 108 F.Supp.2d 1266, 1275 (N.D.Ala.2000) (quoted in Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 765 (Ala.2002) (emphasis added)). The penultimate sentence in § 25-5-80, which is emphasized above, does not define when a claim accrues, but provides for the running of the statutory limitations period to be tolled, despite the fact that the claim has accrued. See Ex parte Morris, 999 So.2d 932, 935 (Ala.2008) (stating that § 25-5-80 “includes a tolling provision that states: ‘Where, however, payments of compensation, as distinguished from medical or vocational payments, have been made in any case, the period of limitation shall not begin to run until the time of making the last payment.’ ” (emphasis omitted)); Robert Burton & Assocs., Ltd. v. Morris, 999 So.2d 927, 929 (Ala.Civ.App.2007) (same). See generally 2 Terry A. Moore, Alabama Workers’ Compensation § 23:34 at 509-10 (1998) (explaining that the statute of limitations is tolled by voluntary payments of compensation). We reject Barnes’s argument that Heathcoe’s workers’ compensation claim did not accrue on January 30, 2006, the date of her injury.
“Section 6-3-7 was amended in 1999 to provide that the county of the plaintiffs residence at the time of the accrual of the cause of action is a proper venue in actions against corporations if the corporation does business in that county.” Ex parte Siemag, Inc., 53 So.3d 974, 980 n. 4 (Ala.Civ.App.2010). Before the 1999 amendment, § 6-3-7 provided that
“a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation *185 does business by agent in the county of the plaintiffs residence.”
Our supreme court has held that the 1999 amendment makes venue proper in the county where a plaintiff resided when the cause of action accrued, notwithstanding the fact that the plaintiff later moved from that county before the plaintiff filed suit. See Ex parte Alfa Mut. Gen. Ins. Co., 806 So.2d 867 (Ala.2001). In Alfa, the plaintiff Tymika Bosby, a resident of Montgomery County, was involved in an automobile accident in Lowndes County. At the time of the accident, Bosby had a policy of automobile insurance issued by Alfa, whose principal office was in Montgomery County. Alfa paid Bosby to repair the damage to her vehicle. Bosby later moved to Wilcox County and filed a complaint in the Wilcox Circuit Court, alleging that Alfa had breached its contract of automobile insurance with her. Bosby purported to represent a class of Alfa automobile-insurance policyholders who had allegedly not been compensated for the diminished value of their damaged vehicles. Alfa objected to venue in Wilcox County and moved to transfer the action to Montgomery County. Bosby responded, requesting the Wilcox Circuit Court to deny the motion or to transfer the action to Lowndes County. When the court transferred the action to Lowndes County instead, Alfa petitioned the supreme court for a writ of mandamus. The supreme court granted the petition and issued the writ. It held:
“Section 6-3-7(a)(3) makes venue based on the plaintiffs residence proper only ‘[i]n the county in which the plaintiff resided ... at the time of the accrual of the cause of action.’ (Emphasis added.) Because Bosby resided in Montgomery County when the cause of action accrued, i.e., when Alfa allegedly failed to pay the amount due under the policy, Wilcox County was never a proper venue under § 6-3-7 .... [2]
806 So.2d at 369 (footnote omitted).
Although the circuit court in this case had the discretion to reconsider its ruling on the question of venue in consequence of additional evidence that Barnes had obtained during discovery, Barnes, in support of its renewed motion to change venue, submitted no evidence indicating that Heathcoe had resided anywhere other than Washington County on January 30, 2006— the date of her accident and the time when her workers’ compensation claim accrued. Nor did Barnes, in its renewed motion to change venue, provide the circuit court with a reason to reexamine its earlier ruling with respect to whether Barnes was doing business by agent in Washington County when Heathcoe’s claim accrued. On the contrary, the focus of Barnes’s argument in its renewed motion was that the circuit court “should reconsider its previous order because it presumably relied upon [Heathcoe’s] inconsistent representations regarding her residence in denying [Barnes’s] original motion to transfer venue and based on the additional evidence discovered since that time.”
Because the undisputed evidence before the circuit court was that Heathcoe was a resident of Washington County when her workers’ compensation claim accrued, and because Barnes, in its renewed motion, submitted no reason for the circuit court to revisit its earlier ruling as to the doing-business-by-agent component of § 6-3-7(a)(3), Barnes has failed to establish a “ ‘clear showing of error on the part of the trial judge.’ ” Ex parte Pike Fabrication, Inc., 859 So.2d at 1091.
*186 Based on the foregoing, Barnes’s petition for a writ of mandamus is denied.
PETITION DENIED.
BRYAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.

"The only apparent basis for venue in Wilcox County is the fact that the plaintiff currently resides in that county.”